Commonwealth *v.* Prasnikar, Appellant.

470

Argued April 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Dante G. Bertani,* Assistant Public Defender, with him *Albert C. Gaudio,* Assistant Public Defender, for appellant.

*Henry A. Martin,* Assistant District Attorney, with him *Louis H. Ceraso,* Assistant District Attorney, and *John N. Scales,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 16, 1972:

In this appeal defendant places in issue the validity of a search warrant. She contends that the warrant was not supported by probable cause and consequently

the evidence of narcotics found during a search pursuant to the warrant should not have been admitted at her trial. The trial court, refusing to suppress the evidence, found her guilty of drug-possession, from which judgment she now appeals. For the reasons that follow we reverse and order a new trial.

The affidavit for the search warrant reads as follows: "Officer Reed received a phone call from a reliable informant to the activities of this house. A surveillance was conducted on Jan. 24, 27, 28, 29, 30, 1971. And known narcotic users were observed going into this house on the above dates. Also other information given to this Magistrate."

According to the testimony at the suppression hearing the "other information" given to the magistrate was as follows: The informant had given the affiant "reliable information on a previous occasion"; the informant advised the affiant that suspected and known addicts frequented defendant's apartment; and the affiant, during his surveillance of defendant's apartment, observed "quite a few people", including both suspected and known addicts, frequenting the place at all hours of the day and night.

This information fails to meet the *Aguilar* test for the validity of a search warrant. See *Aguilar v. Texas*, 378 U.S. 108 (1964). As we stated in *Commonwealth v. Soychak*, 221 Pa. Superior Ct. 458, 289 A. 2d 119 (1972), the test mandated by *Aguilar* is twofold: The magistrate must be informed of some of the underlying circumstances (1) from which the informant concluded that the suspect was engaged in criminal activity, and (2) from which the affiant concluded that the informant was credible or his information reliable.

In the present case the first portion of the *Aguilar* test was clearly not met. The magistrate was not told how the informant obtained his information and no

description of defendant's alleged criminal activity was provided. The only information given to the magistrate was that defendant had been associating with suspected and known addicts. This information does not provide the requisite underlying circumstances of defendant's criminal conduct; in fact, it does not even afford a reasonable inference that any criminal conduct existed. *See Sibron v. New York,* 392 U.S. 40 (1968), and *Commonwealth v. Reece,* 437 Pa. 422, 263 A. 2d 463 (1970).

We hold, therefore, that the first portion of the *Aguilar* two-pronged test, requiring a statement of the circumstances underlying the informant's conclusion, is not met in the present case. Nor is this deficiency cured by the affiant's surveillance, for the surveillance provided the magistrate with no new information. Thus, even were we to find compliance with the second portion of the *Aguilar* test, requiring a showing of informant-credibility or information-reliability, we must declare the search warrant invalid on the ground that the first portion of the test has not been met. Since evidence resulting from the invalid warrant was admitted at defendant's trial, we must reverse her conviction and order a new trial.

Judgment reversed and new trial granted.

WRIGHT, P. J., and WATKINS, J., would affirm the order below.