Commonwealth *v.* Bancroft, Appellant.

*Gary Kleitman,* with him *Fox and Fox,* for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973.

The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the lower court erred in refusing to suppress evidence seized at his home because the warrant authorizing the search was not based on facts constituting probable cause.

The affidavit[1] presented to the magistrate recited that affiant received information from a police officer of another borough that appellant and another "are engaged in the traffic of narcotic drugs" at appellant's home. The affidavit stated that the officer had supplied reliable information in the past. The affidavit also detailed observations made during four days of surveillance which showed that about 50 persons, several of whom were known to be involved in drugs, visited the house.

When based upon information received from sources other than the affiant's personal knowledge, the test

---

[1] The affiant testified at the suppression hearing that no facts beyond those contained in the affidavit were presented to the magistrate.

for the sufficiency of an affidavit for a search warrant is two-fold; the magistrate must be informed of the underlying circumstances (1) from which the informant concluded that the suspects were engaged in criminal activity, and (2) from which the affiant concluded that the informant was reliable. *Aguilar v. Texas,* 378 U.S. 108 (1964); *Commonwealth v. Soychak,* 221 Pa. Superior Ct. 458, 289 A. 2d 119 (1972); *Commonwealth v. Prasnikar,* 221 Pa. Superior Ct. 469, 292 A. 2d 420 (1972).

Part two of the *Aguilar* test is clearly met in the instant case as the affidavit recited that the informant had previously given reliable information. *Commonwealth v. Soychak,* supra, at 464.

Part one of the test, however, is clearly not met because the affidavit merely sets forth the conclusion of the informant that appellant was trafficking in narcotics without detailing any of the factual circumstances from which the incriminating conclusions was drawn. Without such facts, the magistrate is forced to rely upon conclusions which may be used upon conjecture, rumor, or reputation. *Spinelli v. United States,* 393 U.S. 410, 416 (1969). Unless that deficiency is cured by facts obtained by independent police investigation sufficient to permit the conclusion that the crime was probably being committed, thus substantiating the informant's conclusion, the warrant must fail. *Spinelli v. United States,* supra; *Commonwealth v. Swierczewski,* 215 Pa. Superior Ct. 130, 257 A. 2d 336 (1969).

The only facts presented to the magistrate to corroborate the tip was the observation by the police officer that several of the people who visited the house over a period of four days were known to be involved with drugs. This court has held that such facts do not indicate sufficient underlying circumstances of criminal conduct to corroborate a tip that fails to meet the first prong (underlying circumstances) of the *Aguilar*

test. *Commonwealth v. Prasnikar,* supra, at 469, and cases cited therein.

Since evidence seized pursuant to the invalid warrant was introduced at appellant's trial, the judgment of sentence should be reversed and appellant granted a new trial.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.