## Commonwealth *v.* Strohl, Appellant.

226

Argued March 21, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Harry L. Green,* First Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 14, 1973:
Judgment of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:
Appellant contends that his conviction should be reversed because evidence admitted at trial was obtained through an invalid search warrant.

During February 20-21, 1968, six businesses and one private home in the Telford-Souderton area were burglarized. In connection with these burglaries, Bethlehem Police called Telford Police to inform them that three individuals, Francis Bobko, Edward Strohl and

John D'Amico, were proceeding to their vicinity in a 1960 white Mercury convertible to "do a few jobs". As a result of police investigation, Bobko was arrested and certain items identified as belonging to the owners of the burglarized properties were found in the 1960 Mercury convertible he was driving.

Chief Hunsberger of the Franconia Township Police Department then obtained a search warrant for a second-floor apartment at 710 Linden Street, the residence of Edward Strohl, the appellant. The alderman who issued the warrant testified that Chief Hunsberger swore under oath that Strohl was a "known associate" of Bobko. He further related to the alderman the circumstances of the phone call from Bethlehem authorities and the subsequent arrest of Bobko with the stolen goods. On the basis of this information, the alderman determined that there was probable cause to issue the search warrant.

As a result of the search, police uncovered a pair of paint-stained shoes. Suppression motions were denied, and both Bobko and Strohl were tried in a joint trial. At the trial, the paint-stained shoes were introduced as part of Commonwealth's case. Chemical and stereoscopic analysis indicated that the paint on the shoes matched paint splattered on the walls of the burglarized premises. Bobko and Strohl were convicted of burglary, larceny and conspiracy to commit burglary. This appeal followed.

After examining the warrant and the notes of testimony from the suppression hearing, I believe there was no probable cause for the issuance of the search warrant of appellant's apartment. On the contrary, there is every indication that the warrant was issued wholly upon suspicion and guilt by association.

". . . [I]t is now well established that a magistrate may not constitutionally issue a search warrant until

he is furnished with information sufficient to persuade a reasonable man that probable cause for the search exists. Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509 (1964); Commonwealth v. Alvarez, 208 Pa. Superior Ct. 371, 222 A. 2d 406 (1966). . . . And his decision must be based solely on the information brought to his attention. Aguilar v. Texas, supra." *Commonwealth v. D'Angelo*, 437 Pa. 331, 336-337, 263 A. 2d 441, 444 (1970).

While an affidavit for a search warrant may be based on hearsay information, in order to constitute probable cause, it must satisfy the test set forth in *Aguilar v. Texas*, supra. As we noted in *Commonwealth v. Soychak*, 221 Pa. Superior Ct. 458, 464, 289 A. 2d 119 (1972), the *Aguilar* test is two-fold: "the magistrate must be informed of some of the underlying circumstances (1) from which the informant concluded that the suspects were engaged in criminal activity, and (2) from which the affiant concluded that the informant was credible or his information reliable."

I believe that, in the instant case, the first requirement of the *Aguilar* test was clearly not met. No factual basis of "underlying circumstances" exists that would tend to show that Strohl was guilty of participating with Bobko or anyone else in any burglaries in or around Telford. In fact, at the time the warrant was issued, there was nothing to even indicate that Strohl had ever been in the Telford area. The only basis for linking Strohl with Bobko was the unsupported statement that Strohl was a "known associate" of Bobko. The police statements, which provided the "lead" for the Telford Police, reflected nothing more than suspicion. Guilt by association without more cannot be the basis for inferring complicity in a crime. In *Commonwealth v. Prasnikar*, 221 Pa. Superior Ct. 469, 472,

292 A. 2d 420, 421 (1972), we held that where the only information given a magistrate was that defendant had been associating with suspected and known drug addicts, such information "does not provide the requisite underlying circumstances of defendant's criminal conduct; in fact, it does not even afford a reasonable inference that any criminal conduct existed. See Sibron v. New York, 392 U.S. 40 (1968), and Commonwealth v. Reece, 437 Pa. 422, 263 A. 2d 463 (1970)."

For the reasons stated above, I would reverse and remand the case for a new trial.

JACOBS, J., joins in this dissenting opinion.