Commonwealth *v.* Strohl, Appellant.

Argued April 26, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harry L. Green,* First Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 16, 1974:

Appellant, Edward Strohl, was convicted of burglary, larceny, receiving stolen goods and conspiracy. Post-trial motions were denied and appellant appealed to the Superior Court, which affirmed his convictions by a per curiam order, with Judge HOFFMAN filing a dissenting opinion in which Judge JACOBS joined. We granted allocatur.

Appellant, prior to his trial, filed a motion to suppress certain physical evidence seized at his home pursuant to a search warrant. This motion was denied. In this appeal, appellant argues that the search warrant for his home was issued without probable cause.

During February 20-21, 1968, several commercial establishments and one private home in the Telford-Souderton area of Montgomery County were burglarized. In connection with these burglaries, Bethlehem police called Telford police to inform them that they had received a tip that three individuals, Francis Bobko, John D'Amico and appellant, Edward Strohl, were proceeding to Telford in Bobko's 1960 white Mercury convertible to "do a few jobs." After an investigation, Bobko was arrested on February 24, 1968. The police then obtained a search warrant for his Mercury automobile, where they discovered certain property stolen in the Telford area burglaries.

Although appellant had not been seen in the area at the time of Bobko's arrest, Chief Hunsberger of the Franconia Township Police, Montgomery County,

obtained a search warrant for appellant's residence, located in Bethlehem, Northampton County. This search revealed shoes stained with paint, which matched paint splattered at one of the burglaries.

At a pretrial hearing held on appellant's motion to suppress this evidence, the Commonwealth's testimony showed that the magistrate who issued the warrant had been told by Chief Hunsberger, under oath, that appellant was a known associate of Bobko; that the chief had received the aforementioned tip from the Bethlehem police; and that Bobko had been arrested and a search of his home had disclosed stolen goods. Thus, the only information linking appellant to the burglaries was his known association with Bobko and the fact that the Bethlehem police had received an unsupported tip from an unidentified source that the alleged trio were on their way to Telford to commit burglaries.

This type of information is insufficient to meet the requirements of probable cause. The problem of informants' tips was discussed by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964), wherein the court stated, at page 114: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, was 'credible' or his information 'reliable.' "

In the instant case, there was no indication why the Franconia police or the Bethlehem police concluded that the tip about the alleged trio was reliable. With-

out more the statement that appellant was an associate of a known criminal, i.e., Bobko, does not establish probable cause. See *Commonwealth v. Prasnikar*, 221 Pa. Superior Ct. 469, 292 A.2d 420 (1972).

Appellant raises other allegations of error that we need not discuss, since he must be retried.

Judgment of sentence reversed and case remanded for a new trial.

Mr. Chief Justice JONES dissents.

Mr. Justice POMEROY dissents.