399 A.2d 745

COMMONWEALTH of Pennsylvania

v.

Richard HARTLEY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 7, 1978.

Decided March 16, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Robert W. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and CERCONE, PRICE, VAN der VOORT, SPAETH, HESTER and WIE-AND, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction, following a jury trial, for robbery for which he received a sentence of six to twelve years in prison. Appellant's sole contention on appeal is that the jury's verdict was the product of evidence which was the fruit of an illegal arrest. We disagree with this contention and will affirm the judgment of sentence. The relevant facts are as follows.

On July 14, 1975, at approximately 8:15 P.M., a man came into Candido's Lounge on Ridge Avenue in Philadelphia and sat down on a stool at the bar. He asked the barmaid on duty, Yvonne Edmondson, to give him twenty dollars from the cash register. When she refused, the man threatened to hit her with a revolver he brandished. The man then went around the bar to the cash register, removed its contents, estimated to be $156.00, and left the bar. Ms. Edmondson immediately called the police.

Within minutes, Officer William Baker arrived at the scene and Ms. Edmondson provided an account of the robbery. She described the culprit to officer Baker as being a "Negro male, short bush hair, red shirt and dark pants."[1] As Officer Baker left the lounge, a man standing outside called the officer aside. According to Baker the man said "he was standing inside the bar. He knew who robbed the bar and the person who robbed the bar just went into the Bird Cage Lounge." Officer Baker did not ask this witness his name or address, but, accompanied by a fellow officer Baker went directly to the Bird Cage Lounge, less than one block from Candido's Lounge. Upon entering the Bird

1. Testimony relating the description Ms. Edmondson provided at the scene varied somewhat at the various hearings and trial. The account quoted above was provided by Officer Baker at the suppression hearing. At trial Ms. Edmondson recalled giving a more detailed description including appellant's being light complexioned and having facial hair including a mustache.

Cage, Officer Baker saw a man who fit the description Ms. Edmondson had provided and placed him under arrest. A patdown revealed no weapons, but Ms. Edmondson positively identified appellant as the culprit when Baker returned him to Candido's. Thereupon, a search of his person disclosed $151.00 in cash in his front, shirt pocket. The man arrested was appellant, Richard Hartley.

Appellant contends, of course, that his arrest was illegal because Officer Baker did not have probable cause to believe that the man he saw in the Bird Cage Lounge was the man who had robbed Candido's Lounge, less than one block away only ten minutes earlier. Generally speaking, appellant relies on the principles announced in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). More particularly, however, appellant contends that our Supreme Court's decisions in *Commonwealth v. Brooks,* 468 Pa. 547, 364 A.2d 652 (1976); *Commonwealth v. Strohl,* 458 Pa. 64, 326 A.2d 314 (1974); *Commonwealth v. Daniels,* 455 Pa. 552, 317 A.2d 237 (1974); and *Commonwealth v. Berrios,* 437 Pa. 338, 263 A.2d 342 (1970) mandate the conclusion that his arrest was illegal. However, in none of those cases are the facts upon which the police relied for probable cause more than remotely similar to those in the instant case.

Instead, we find *Commonwealth v. Mamon,* 449 Pa. 249, 297 A.2d 471 (1972) more nearly on point. In *Mamon* a woman was bludgeoned to death in her home. Another woman, who appeared at the scene of the crime during its progress, was beaten nearly to death by a person wielding a hammer and dressed as a man. Two anonymous witnesses reported seeing appellant, Mary Mamon, disguised as a man entering the decedent's home through the garage approximately at the time of the murder and nearly fatal assault. In addition, the surviving victim knew Mary Mamon and had recognized her as the assailant before being battered unconscious. A doctor testified, however, that this victim's physical condition at the time she communicated to the police was

such that she "was not capable of rational reasoning." The Supreme Court concluded that the anonymous tips lacked sufficient indicia of reliability to establish probable cause, and that the probative value of the surviving victim's account was dubious because of her condition. Nevertheless, the Court concluded that there was probable cause: "[A]lthough the statement of the two unidentified alleged eyewitnesses alone, or the identification of [the surviving victim] alone, arguably may not be sufficient to establish probable cause, acting together, each complements the other sufficiently to produce the reliability necessary to create probable cause." *Id.*, 449 Pa. at 260, 297 A.2d at 477.

In the instant case, even if we assume for the sake of argument that Officer Baker could not have arrested appellant on the basis of Ms. Edmondson's description alone,[2] and that the unidentified witness' statement lacked the necessary indicia of reliability to support probable cause;[3] taken together the two statements provided more than enough evidence to establish probable cause. When Officer Baker arrived at the Bird Cage Lounge and found a man precisely fitting Ms. Edmondson's description in the very place the

2. We must emphasize that we need not reach this conclusion in this case. Indeed, we find Ms. Edmondson's statement to be considerably more descriptive than those found wanting in the cases appellant cites as dispositive. Compare, e. g., *Commonwealth v. Berrios,* supra (Puerto Rican male in light clothing walking with Negro male in dark clothing—arrest three blocks from scene of crime).

3. Similarly, we need not reach the question of whether this witness' statement was inherently reliable. He approached the police in person, claimed to have been an eyewitness to the crime, an acquaintance of the robber, and stated precisely where the culprit could be found. See *Commonwealth v. Crawley,* 209 Pa.Super. 70, 223 A.2d 885 (1966). That he remained anonymous, according to Officer Baker, was due to the haste with which Officer Baker proceeded to the Bird Cage Lounge, not to the fact that the witness wished to remain anonymous. Under these facts the possibility of criminal punishment for providing false information might be a sufficient deterrent to untruthfulness. See Crimes Code, 18 Pa.C.S. § 4904 (1973). On this basis alone, the cases involving anonymous informants upon which appellant relies are readily distinguishable. Cf. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). See also Y. Kamisar, W. La Fave, J. Israel, Modern Criminal Procedure 251–52 (4th ed. 1974).

anonymous informant claimed he would be, there was probable cause to arrest appellant. See *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963).

For the foregoing reasons, the judgment of sentence is affirmed.

JACOBS, former President Judge did not participate in the consideration or decision of this case.