**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald BURNS, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1997.

Filed Sept. 9, 1997.

John J. Kerrigan, Jr., Newton, for appellant.

Robert L. Steinberg, Dist. Atty., Allentown, for Commonwealth, appellee. (submitted)

Before McEWEN, President Judge, and POPOVICH and OLSZEWSKI, JJ.

**518**

POPOVICH, Judge.

The appellant, Ronald Burns, appeals the order denying his motion to suppress. We affirm.

 In reviewing the denial of a motion to suppress, we consider only the evidence of the prosecution's witnesses and so much of the evidence of the defense as fairly read in the context of the record as a whole remains uncontradicted. *Commonwealth v. Granberry,* 346 Pa.Super. 395, 499 A.2d 671, 674 (1985). Further, this Court must decide whether the record supports the factual findings of the court below and the legitimacy of the inferences drawn from those findings. *Commonwealth v. Brown,* 473 Pa. 562, 375 A.2d 1260, 1262 (1977).

The record reveals that Allentown Police Officer David Rachman arranged, through a confidential informant, to purchase drugs from the appellant in the early afternoon of October 8, 1991. Prior to the transaction, Officer Rachman met the informant and the two agreed where the transaction would take place, the time of the exchange, the quantity and cost of the drugs. Also, one-half hour before the scheduled meeting, the officer checked the informant for money and drugs, and they agreed on a signal to be given by the informant once he saw the drugs in the custody of the appellant.

Once Officer Rachman and the informant reached the designated site, the appellant was seated in his vehicle awaiting the informant's arrival. The informant made his way to the appellant's vehicle and sat in the driver's seat. Within less than a minute, the informant exited the vehicle and gave the signal letting the police know the appellant was in possession of drugs. The appellant's vehicle was encircled by officers from the Drug Task Force, and the appellant was arrested.

As the appellant was being removed from the vehicle by Officer Rachman, "[h]e stated, I don't know anything about the cocaine[ t]hat was dropped by th[e] guy that was in the car with him." In turn, Police *Officer* Christopher Cruz, observing the appellant place an item between the front seats, reached in the same location and uncovered a large plastic bag with a white powdery substance later tested to be cocaine.

The appellant was charged with possession with intent to deliver a controlled substance, possession of a controlled substance and criminal conspiracy. After the appellant's omnibus pre-trial motion to suppress was denied, a jury returned a verdict of guilty on all charges. Post-trial motions were denied and a 5–15–year sentence of imprisonment was imposed. On appeal to this Court, appellate counsel raised the denial of the motion to suppress issue. The Commonwealth argued that the issue was waived because it was not raised in post-trial motions. We agreed.

Thereafter, the appellant filed a Post–Conviction Relief Act petition alleging the ineffectiveness of post-trial counsel in failing to argue the suppression issue at that level. The PCRA court agreed and granted the appellant a new appeal limited to the "issue of whether evidence seized pursuant to a warrantless search of [his] vehicle, and the fruits thereof, should have been suppressed."

The Pennsylvania Supreme Court has held the rule permitting warrantless searches of automobiles is limited to cases where "unforeseen circumstances involving the search of an automobile [are] coupled with the presence of probable cause". *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896, 901 (1995). The United States Supreme Court, on the other hand, has ruled that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more." *Pennsylvania v. Labron,* — U.S. —, —, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996). The dichotomy between the two high Courts in the area of warrantless searches of automobiles is remarked upon to focus on the heightened protection afforded citizens of this Commonwealth under the Pennsylvania Constitution (Article I, Section 8) versus that provided by the federal courts under the United States Constitution (Fourth Amendment). *White, supra.*

The enhanced protection afforded under Pennsylvania's Constitution is triggered by

an accused's argument that he rests his suppression claim *on an adequate and independent state ground.* In the absence of such a "plain statement" sufficient to tell us the federal law was being used only for the purpose of guidance, we are not inclined to restrict our review of the appellant's suppression issue to violations of Pennsylvania's Constitution. Stated otherwise, that the appellant sought the suppression court to reach a result favorable to him predicated solely upon state law is not the case here. *Michigan v. Long,* 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983).

The appellant alleged in his initial appeal to this Court that the "trial court erred in failing to suppress the evidence that was obtained from appellant's car. Specifically, appellant contend[ed] that the evidence was obtained in violation of his *Fourth Amendment* rights against unreasonable search and seizure because the police did not have a warrant and exigent circumstances did not exist." *Commonwealth v. Burns,* 454 Pa.Super. 701, 685 A.2d 1040 (1996)(Memorandum at page 4) (Emphasis added). In his handwritten **Petition For Writ of Habeas Corpus**, the appellant also claimed a violation of both his federal and state constitutional rights with the warrantless search of his vehicle and the seizure of drugs therefrom.

Further, in the appellant's omnibus pretrial motion to suppress, it was claimed the warrantless search was illegal under both the Fourth and Fourteenth Amendments of the United States Constitution and under Article I, Section 8 of the Pennsylvania Constitution. See Record No. 4.

■ The result urged by the appellant appears predicated not solely upon the law of the Commonwealth but is "interwoven with the federal law, and ... the adequacy and independence of any possible state law ground is not clear from the face of the [suppression court's] opinion." *Michigan v. Long,* 463 U.S. at 1040–1041, 103 S.Ct. at 3476–3477. Accordingly, in assessing the appellant's suppression claim, we need not restrict our review to the law of this Commonwealth but may look to federal law to assist us in reaching a decision. *Pennsylvania v. Labron,* supra.

Initially, our review indicates the reliability prong of the "confidential informant formula" necessary to establish probable cause to issue a warrant is missing from the equation. Contrast *Commonwealth v. Ionata,* 518 Pa. 472, 544 A.2d 917 (1988). For example, Officer Rachman admitted that none of the informant's prior leads resulted in arrests or convictions. Also, the officer was unable to state the informant ever purchased any drugs from the appellant (nor anyone who had) in advance of the scheduled October 8, 1991, meeting. See *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Therefore, it is unlikely that a warrant to search the vehicle would have been issued by a detached and neutral magistrate in advance of the meeting. See generally *Commonwealth v. Prasnikar,* 221 Pa.Super. 469, 292 A.2d 420, 421 (1972).

■ Nonetheless, we conclude the police had probable cause to search the appellant's vehicle without a warrant.

> To justify ... a [warrantless] search ..., an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants. [*Commonwealth v. Lewis,* 442 Pa. 98,] 101, 275 A.2d [51,] 52 [ (1971) ]; *see also Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972) *citing Chambers v. Maroney,* [399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) ] *supra; Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971); *Commonwealth v. Dussell,* 439 Pa. 392, 266 A.2d 659 (1970) *citing Duke [Dyke] v. Taylor Implement Manufacturing Co.,* 392 [391] U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). Thus, where there exists probable cause related to the vehicle or its occupants, a search of the vehicle is permissible.

*Commonwealth v. Milyak,* 508 Pa. 2, 493 A.2d 1346, 1349 (1985); *see also United States v. McGlory,* 968 F.2d 309, 343 (3rd

Cir.1992); *United States v. Salmon,* 944 F.2d 1106, 1123 (3rd Cir.1991), cert. denied, *Washington v. United States,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

In this jurisdiction, the "level of probable cause necessary for a warrantless search of an automobile is the same as that needed to obtain a [search] warrant." *Commonwealth v. Talley,* 430 Pa.Super. 351, 634 A.2d 640, 643 (1993). In *Commonwealth v. Rodriguez,* 526 Pa. 268, 585 A.2d 988 (1991), the Pennsylvania Supreme Court explained:

In this Commonwealth, the standard for evaluating whether probable cause exists is the "totality of the circumstances" test set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The bench mark of a warrantless arrest is the existence of probable cause, namely, whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. Applying that test to the within case, the veracity and basis of knowledge of those persons supplying hearsay information must be examined to determine whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place."

*Id.* at 272–273, 585 A.2d at 990 (Citations omitted).

Here, the police received information from an informant that he could set up a drug purchase. The police and informant agreed on the time, place and cost of the drugs to be purchased. The police were advised of the general color of the vehicle (red) the dealer would be operating, but the informant would have to signal the police the dealer was in possession of drugs before an arrest would be made.

The police and informant met 30 minutes before the scheduled meeting with the dealer. Also, it was not until the informant was seated in the appellant's vehicle that he saw the controlled substance and told the appellant he would have to leave to secure money for the purchase and return for the buy.[1] After leaving the appellant's vehicle, the informant signalled the police that drugs were present. The Drug Task Force arrested the appellant, during which time he denied ownership of the drugs in the vehicle and following which the drugs were retrieved by the authorities.

The police clearly had probable cause to believe the appellant was in possession of a controlled substance seen by the informant, which belief was confirmed by the appellant's admission the vehicle contained drugs. With the presence of probable cause to believe the vehicle contained a controlled substance, the police acted properly in seizing the contraband without violating the appellant's Fourth Amendment rights. See *Pennsylvania v. Labron,* supra.

Order affirmed.

McEWEN, President Judge, concurred in the result.

---

1. Prior to this point in time, the police did not have sufficient probable cause to believe that a crime had been or was being committed. *Commonwealth v. Rosario,* 695 A.2d 440 (Pa.Super. 1997) (It was not until informant phoned the police that he and the defendant were returning from New York with drugs, which occurred 30 minutes before the intercept, that probable cause existed to believe a crime was being committed sufficient to make an arrest or secure a search warrant, the latter of which was dispensed with when the defendant consented to a search of his vehicle).