YATRON, P.J.,
Janet Lynn Romanski (“defendant”) stands before the court subject to a four count information charging two counts of possession of a controlled substance[1] and two counts of conspiracy[2] to commit that offense. Defendant filed a timely Omnibus Pretrial Motion on November 25, 2014, in the nature of a motion to suppress physical evidence seized from defendant’s purse after a vehicle stop. The parties agreed that the validity of the vehicle stop was not at issue.
*71 Hearing was held on December 30, 2014, at which time we heard testimony from Officer Zachary Martz of the Reading City Police Department. After the hearing, we ordered the transcription of the notes of testimony and gave counsel two weeks from the lodging of the notes during which time briefs or memoranda of law could be submitted.
The notes of testimony were lodged on January 2, 2015. Neither counsel availed himself of the opportunity to file briefs of argument or authorities in support of their respective positions.
The matter is thus ripe for adjudication. What follows are our findings of fact and conclusions of law in disposition of defendant’s Omnibus Pretrial Motion.
FINDINGS OF FACT
1. On or about May 5,2014, at approximately 9:41 p.m., Officer Zachary Martz, a two and one-half year veteran of the police force of the City of Reading, conducted a traffic stop in the 900 block of Cotton Street in the City of Reading and County of Berks.
2. The vehicle stopped was a 2011 black Hyundai Elantra automobile operated by defendant Janet Lynn Romanski and in which one Angel Viera was traveling in the front passenger seat.
3. Upon approaching the driver’s side of the vehicle, Officer Martz noticed that defendant appeared “quite nervous.”
4. Officer Martz requested a backup officer and Sergeant Liggett responded to the scene.
5. When Officer Martz, having ascertained the identities *72 of the individuals riding in the vehicle, returned to his patrol car in order to check for outstanding warrants, he saw Sergeant Liggett remove the passenger, Angel Viera, from the vehicle.
6. Upon approaching the passenger side of the vehicle, Sergeant Liggett informed Officer Martz that he detected an odor of marijuana coming from inside the vehicle.
7. Officer Martz confirmed Sergeant Liggett’s observation, also detecting an odor of marijuana.
8. Prior to any search of the vehicle, the passenger Viera informed the officers that there was a “K-2 roach” in the ashtray in the back of the vehicle and that there was additional K-2 in a package in the vehicle.
9. The officers then began to search the vehicle, finding the partially smoked synthetic marijuana cigar in the rear of the vehicle as Viera had predicted.
10. Officer Martz observed a purse lying on the floor on the passenger side of the vehicle, at which time he asked defendant if the purse belonged to her.
11. No Miranda warnings were given to defendant prior to Officer Martz’s inquiring about the purse’s ownership.
12. After a hesitation of some ten to fifteen seconds, defendant responded that the purse was hers, and that everything in the purse belonged to her “except anything illegal.”
13. Officer Martz then commenced searching the purse.
14. Officer Martz could not recall whether the purse was open or zipped closed when he first began to search it.
15. Defendant was neither asked for nor gave her *73 consent for the search of her purse.
16. Upon looking inside the purse, Officer Martz observed an inside pocket which also had a zipper.
17. Upon looking inside the interior compartment, he observed a foil packet, which, when unfolded, contained two rectangular pills which turned out to be Alprazolam.
18. As with the purse itself, Officer Martz could not recall if the interior pocket was zipped closed.
19. Also found inside the purse was a wallet, which Officer Martz opened and searched which contained seven hundred forty-six ($746.00) dollars in United States currency.
20. The currency was found after the two foil wrapped pills were found.
21. In a search of the center console of the car, Officer Martz found drug paraphernalia in the form of a hyperdermic needle and glass smoking pipe.
22. Officer Martz could not recall whether he found the items in the center console before or after he searched defendant’s purse.
CONCLUSIONS OF LAW
Defendant’s omnibus pretrial motion contends that evidence of drug possession recovered from her purse must be suppressed because it was obtained in violation of the Fourth Amendment to the Constitution of the United States and Article I, Section 8 of the Pennsylvania Constitution. We disagree with defendant that the evidence must be suppressed.
“As a general rule, for a search to be reasonable under *74 the Fourth Amendment or Article I, Section 8, police must obtain a warrant, supported by probable cause and issued by an independent judicial officer, prior to conducting the search. This general rule is subject to only a few delineated exceptions[.]” Commonwealth v. Gary, 91 A.3d 102, 107 (Pa. 2014) (citations omitted). The United States Supreme Court has recognized an automobile exception to the warrant requirement, which permits the warrantless search of a motor vehicle if it is supported by probable cause. The Pennsylvania Supreme Court recently adopted the federal automobile exception, holding that the Pennsylvania Constitution “affords no greater protection than the Fourth Amendment to the United States Constitution.” Id. at 104. Prior to Gary, Pennsylvania case law had required both probable cause and a separate finding of exigency. Id. at 111.
The plurality decision in Gary provides an exhaustive history of how the automobile exception has been treated by federal, Pennsylvania, and other state courts. The court ultimately concluded:
In sum, our review reveals no compelling reason to interpret Article I, Section 8 of the Pennsylvania Constitution as providing greater protection with regard to warrantless searches of motor vehicles than does the Fourth Amendment. Therefore, we hold that, in this Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment. The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required. The consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor *75 vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a per se exigency allowing police officers to make the determination of probable cause in the first instance in the field.
Id. at 138. This holding recognizes the “diminished expectation of privacy in motor vehicles as compared to a residence, office, or person.” Id. at 128.
Accordingly, our inquiry is limited to whether Officer Martz had probable cause to conduct a warrantless search of defendant’s purse. The applicable probable cause standard is the “totality of the circumstances” test:
It is well-settled that the level of probable cause necessary to justify a warrantless search of an automobile is the same as that required to obtain a search warrant. Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the person has committed the offense. Further, we must focus on the circumstances as seen through the eyes of a trained police officer, and remember that in dealing with questions of probable cause, we are not dealing with certainties, but the practical and factual considerations of every day life on which reasonable and prudent men act.
Commonwealth v. Casanova,748 A.2d207,211 (Pa. Super. 2000) (citations and internal quotation marks omitted); see also Commonwealth v. Burns, 700 A.2d 517, 520 (Pa. Super. 1997) (clarifying that Pennsylvania’s probable cause standard is the “totality of the circumstances” test formulated by the Supreme Court in Illinois v. Gates, 462 *76 U.S. 213 (1983)).
Additionally, “an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants.” Burns, 700 A.2d at 519 (citations omitted).
Here, the police had probable cause to believe that defendant was in possession of a controlled substance. Sergeant Liggett observed an odor of marijuana emanating from the vehicle. “ [Detection of the odor of marijuana is sufficient to establish probable cause.” Commonwealth v. Copeland, 955 A.2d 396, 401 (Pa. Super. 2008) (citations omitted). Additionally, the passenger, Viera, admitted that the vehicle contained K-2, a type of synthetic marijuana. Defendant specified that there was a K-2 “roach” in the ashtray and a separate package containing additional K-2. The police therefore had probable cause to believe the vehicle contained a controlled substance, and they acted properly by commencing a search for the contraband.
The scope of the search was also proper. Defendant had a privacy interest with regard to her purse, but “an individual’s expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband.” United States v. Ross, 456 U.S. 798, 823 (1982). Further, “[t]he scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.” Id. at 824. Here, *77 Viera admitted that there was a K-2 roach and a package containing K-2 within the vehicle. Only the former had been recovered at the time the purse was examined. The officers justifiably believed that the purse may have contained contraband, especially given defendant’s incriminating statement that she owned the purse and its contents, “except anything illegal.” The officers were not obligated to gamer defendant’s consent to the search of her purse; the search was justified by ample probable cause.
Based upon the findings of fact and conclusions of law contained herein, we believe that the Commonwealth has successfully demonstrated that the challenged evidence is admissible. Therefore, defendant’s motion for suppression of evidence is denied.

.35P.S. § 780-113(a)(16).

. 18 Pa.C.S.A. § 903(a)(1), 35 P.S. § 780-113(a)(16).