392 A.2d 801

**COMMONWEALTH of Pennsylvania**

v.

**Norman LEGG, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Eric B. Henson, Assitant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's conviction, following a trial without jury, of robbery and possession of an instrument of crime. The four issues which appellant raises on appeal all turn on one pivotal question of law: Did the facts which the Commonwealth proved at the suppression hearing establish probable cause to arrest appellant? If the Commonwealth had probable cause to arrest, then the court properly admitted into evidence the fruits and instrumentality of the robbery, the victim's identification of appellant following his arrest, and appellant's confession.[1] The facts are as follows.

Shortly after noon on June 9, 1976, a lone gunman robbed the bartender at Annie's Bar near 11th and Dauphin Streets in Philadelphia. The man fled on foot with approximately fifty-five dollars in cash. The police were immediately notified, and at 12:20 P.M. the following description of the robber, as well as the time and place of the robbery, was broadcast: "A Negro male, 19 to 20 years old, five feet eleven inches tall, wearing a blue and white shirt." Plainclothes Officer Marvin Rafkin and his partner were in the vicinity of the crime and began cruising in their unmarked patrol car looking for someone who fit the description. Within a few minutes, Officer Rafkin and his partner heard a second broadcast stating that the suspect had entered a residence at 1131 Colonna Street, an address within a few blocks from the scene of the crime. Moments later Officer Rafkin was on the doorstep of the residence and saw a young man, who fit the description of the robber, standing inside the doorway clad only in underwear. When Officer Rafkin announced that he was a police officer the man

1. Although at the suppression hearing and at trial the court refused to exclude this evidence, in its opinion following post-verdict motions the court indicated that it erred in permitting this evidence to be introduced because it was tainted by an illegal arrest. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1973). Nevertheless, the court concluded that its error was harmless beyond a reasonable doubt and refused to grant a new trial. Of course, if a court's order denying a new trial is correct on any ground, we will affirm.

turned and fled up the steps to the second floor. Officer Rafkin, aided by other policemen who had heard the broadcasts, pursued him to the second floor where they apprehended him and placed him under arrest. The man proved to be appellant, Norman Legg.[2] When appellant was ordered to get dressed, one of the policemen accompanied him to the closet and observed the butt of a partially concealed revolver lying in a box on the closet floor. In addition, fifty-seven dollars in cash was found in the pocket of a shirt hanging in the closet. After appellant was taken to the police station and given *Miranda* warnings, he waived his right to counsel and consented in writing to a one-on-one confrontation with the bartender.[3] The bartender, who previously had failed to identify several other persons as the robber, positively identified appellant as the culprit. Thereafter, appellant confessed to the crime and admitted that he was apprehended while attempting to change his clothes to avoid identification.

The crux of appellant's argument is that the police lacked probable cause to arrest him because they failed to establish the source of the information which placed the robber at 1131 Colonna Street. That being the case, appellant argues that the Commonwealth could not rely upon this tip to establish probable cause, because neither the underlying circumstances upon which it was based, nor the reliability of the informant were shown. See *Betrand Appeal,* 451 Pa. 381, 303 A.2d 486 (1973). In support of his position appellant cites numerous cases where uncorroborated police radio broadcasts or anonymous tips have been found constitutionally wanting and evidence has been suppressed. See, e. g., *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Commonwealth v. Brooks,* 468 Pa. 547, 364 A.2d 652 (1976); *Commonwealth v. Strohl,* 458 Pa. 64, 326 A.2d 314 (1974); *Commonwealth v. Daniels,* 455 Pa. 552, 317 A.2d

---

**2.** When appellant was first taken into custody he falsely identified himself by providing an alias.

**3.** Appellant challenges this confrontation solely on the basis that it would not have occurred but for the allegedly illegal arrest.

237 (1974); *Commonwealth v. Cruse,* 236 Pa.Super. 85, 344 A.2d 532 (1975). The difficulty with appellant's argument is that the cases upon which he relies are readily distinguishable from the instant case; in none of those cases was the information upon which the arrest was based supported by additional facts which demonstrated its reliability. Indeed, in *Whiteley v. Warden,* supra, Mr. Justice Harlan, in speaking for the majority, stated:

"This Court has held that where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not adequately be supported by the tip alone." *Id.* 401 U.S. at 567, 91 S.Ct. at 1036.

In the instant case the reliability of the anonymous tip was corroborated by several factors: (1) The address at Colonna Street was consistent with the time that had elapsed and the distance from the scene of the crime; (2) The man whom Officer Rafkin saw inside the building fit the description of the robber; (3) The man fled when Officer Rafkin announced he was a police officer.

The courts have long held that pieces of information which are insufficient in themselves to establish probable cause may be assembled to establish this necessary predicate for arrest. See *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Commonwealth v. Mamon,* 449 Pa. 249, 297 A.2d 471 (1972). Furthermore, this court has on numerous occasions recognized that suspicious conduct or behavior following a lawful stop of a suspect may establish probable cause for arrest;[4] whereas, without such conduct or behavior an arrest would have been unlawful. See *Commonwealth v. Montgomery,* 246 Pa.Super. 371, 371 A.2d 885 (1977); *Commonwealth v. Benson,* 239 Pa.Super. 100, 361 A.2d 695 (1976); *Commonwealth v. Brown,* 228

4. Although appellant intimates that the quantity and quality of the information Officer Rafkin had received did not even warrant investigating 1131 Colonna Street, this is patently absurd. See *Commonwealth v. Blagman,* 458 Pa. 431, 435, 326 A.2d 296 (1974); *Commonwealth v. Hayes,* 237 Pa.Super. 510, 352 A.2d 121 (1975).

Pa.Super. 158, 323 A.2d 104 (1974). While it is true that flight alone is not sufficient to establish probable cause to arrest, flight may be coupled with additional facts pointing to a suspect's guilt and establish probable cause to make an arrest. See *Commonwealth v. Jones,* 457 Pa. 423, 428–29 (1974) 322 A.2d 119; *Commonwealth v. Pegram,* 450 Pa. 590, 593–94, 301 A.2d 695 (1973). In the instant case the inference of guilty knowledge arising from appellant's flight was corroborated by the anonymous tip that the robber could be found at 1131 Colonna Street, a place near the scene of the crime shortly thereafter, and the fact that appellant's physical appearance fit the admittedly reliable, though general, description of the robber which the victimized bartender had provided. Hence, we conclude that the facts and circumstances known to Officer Rafkin at the time of the arrest justified him, as a man of reasonable caution, in believing that a crime had been committed and that appellant was the perpetrator of the crime. *Commonwealth v. Brooks,* 468 Pa. 547, 364 A.2d 652 (1976); *Commonwealth v. Youngblood,* 241 Pa.Super. 72, 359 A.2d 456 (1976). Were we to conclude that Officer Rafkin lacked probable cause to arrest on these facts, especially given appellant's flight from answering any questions, we would in effect be requiring that Officer Rafkin simply "shrug his shoulders and allow . . . a criminal to escape," since no intermediate approach was feasible. See *Adams v. Williams,* 407 U.S. 143, 145–46, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

Since there existed probable cause to arrest appellant, the evidence discovered as a result of that arrest, including appellant's identification and confession, were admissible, and the court did not err in refusing to suppress them.[5] *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d

5. Appellant has not argued that his arrest was illegal because the police lacked a warrant or because they pursued him into the house. Therefore, appellant concedes, as we think he must, that if probable cause existed to arrest him, exigent circumstances were present to justify a warrantless search and arrest. See *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1966).

685 (1969); *Commonwealth v. Ayers,* 239 Pa.Super. 263, 361 A.2d 405 (1976).

Judgments of sentence affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.