396 A.2d 790

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Tyrone GRAY, Appellant.**

Superior Court of Pennsylvania.

Argued April 18, 1978.

Decided Jan. 18, 1979.

Petition for Allowance of Appeal Denied July 30, 1979.

352

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

HESTER, Judge:

Following a jury trial, appellant Tyrone Gray was found
guilty of one count each of robbery, simple assault, and
criminal conspiracy. Post trial motions were argued and
denied and sentence imposed. On this direct appeal, appel-
lant raises four issues for our determination:

  (1) whether his arrest was supported by probable cause;

  (2) whether the post arrest identification should have
  been suppressed as a fruit of the unlawful arrest;

  (3) whether, in any event, the post arrest identification
  should have been suppressed because counsel was not
  present;

  (4) whether certain statements and tangible evidence
  should have been suppressed as fruits of the unlawful
  arrest.

We find these contentions without merit and will therefore
affirm.

On the evening of September 13, 1976 at approximately
11:00–11:30 p. m., the victim John Giles of Pittsburgh, was
visited at his home by two female acquaintances, Cassandra
Robinson and one "Felicia". The women announced they
only wished a glass of water and Giles reluctantly admitted
them. As the three of them entered his kitchen, Giles was
grabbed around the throat by someone behind him, while a
young black male came in front, waving a butcher knife and
slashing Giles on the stomach. Giles was bound and gagged
and carried to his bedroom, whereupon the perpetrators
ransacked his apartment taking a stereo, TV, clock, tape
decks, and some cash. After the robbers fled, Giles untied
himself and called the police.

Responding to the call were Officers Michael Chergi and
R. Hough of the Pittsburgh Police, who arrived at the Giles
residence around midnight. Giles gave the officers descrip-
tions of the four individuals involved, two males and two

females. Armed with this information, the officers drove two blocks from the Giles home and spotted exiting from a bar two males (one of whom was appellant) and two females who seemed to fit the Giles description. The officers stopped the four individuals, placed them in the back of the police van and drove back to the scene of the robbery. There, Giles identified all four as the robbers. Appellant later gave a statement to the police, denying participation in the robbery, but admitting knowledge of the location of the stolen goods. Appellant led the police to the home of Cassandra Robinson's mother where Mrs. Robinson consented to the search of her house. Goods taken during this robbery were found during the search.

We consider first whether appellant's warrantless arrest was supported by probable cause, as any arrest must be. *Commonwealth v. Jackson*, 459 Pa. 669, 331 A.2d 189; (1975) U.S.Const. amend. IV.[1] In *Jackson*, our Supreme Court reiterated that "in determining the presence of probable cause, [t]he crucial test is whether there were facts available at the time of the initial apprehension which would justify a man of reasonable caution in the belief that a crime had been committed and that the individual arrested was the probable perpetrator". 459 Pa. at 673–4, 331 A.2d at 191, quoting *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119

1. The Commonwealth does not contend that we are merely dealing with a "stop and frisk", on-the-street encounter, where the standard for justifying police activity is much less demanding than probable cause. See, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970); *Commonwealth v. Harris*, 255 Pa.Super. 8, 386 A.2d 108 (1978). Nor do we have any trouble deciding that placing appellant in the police wagon constituted a full blown arrest. See, *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978) (defendant arrested when escorted to a room by a police officer and locked therein); *Commonwealth v. Roscioli*, 240 Pa.Super. 135, 361 A.2d 834 (1976) (defendant arrested when handcuffed); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974) (defendant arrested when placed in trooper's patrol car); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963): "An arrest may be accomplished by 'any act that indicates an intention to take [a person] into custody and subjects him to the actual control and will of the person making the arrest.'" id, 411 Pa. at 68, 190 A.2d at 311.

(1974). Mere suspicion on the part of the arresting officer is, of course, not enough and the Commonwealth shoulders the burden of showing with reasonable specificity facts sufficient to establish that probable cause existed. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Commonwealth v. Jones*, supra.

It is evident that in street encounters, such as we have in the instant appeal, where the arrest is premised on a description given police by a victim or witness, the existence of probable cause will turn largely on how specific and detailed the description is. Our Supreme Court has held that certain types of sketchy, meagre descriptions will not, without more justify an officer in making an arrest. Thus, in *Commonwealth v. Jackson*, 459 Pa. 669, 331 A.2d 189 (1975), the suspects in a robbery were reported to be two negro males, in dark clothing, 5'6" to 5'8" in height, medium to dark complexions and semi-bush haircuts. The Court found Jackson's arrest "clearly without probable cause" since the "description was equally applicable to a great many individuals in the area," id., 459 Pa. at 674, 331 A.2d at 191. Similarly, in *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969) ("Negro in his thirties with a moustache and wearing a brown coat") and *Commonwealth v. Ryan*, 253 Pa.Super. 92, 384 A.2d 1243 (1978) (Negro males about 5'8", dark, and wearing a dark coat) our courts held the descriptions therein inadequate to support probable cause. See also, *Commonwealth v. Richards*, 458 Pa. 455, 327 A.2d 63 (1974).

On the other side are those cases where a very detailed description or a description coupled with circumstances will combine to satisfy the requirement of probable cause. Thus, in *Commonwealth v. Washington*, 259 Pa.Super. 407, 393 A.2d 891 (1978; J. 801/78) a highly detailed description consisting of name, race, sex, height, age, complexion, clothing, eye, lip, and facial hair features was found sufficiently particular to support probable cause. In *Commonwealth v. King*, 247 Pa.Super. 443, 372 A.2d 908 (1977), police were looking for a negro male of stated height, blue pants, blue

hat of a "flop-type", waist length jacket. King, who matched this fairly detailed report, gave contradictory answers to the officer's questions. Under these circumstances, we found probable cause. Similarly, in *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974), the suspects were to be Negro males, ages 17 to 21, dark clothing, going east. Jones was spotted going east, five blocks from the crime, breathing fast and looking over his shoulder. The Supreme Court found probable cause to arrest. See also *Commonwealth v. Legg*, 258 Pa.Super. 294, 392 A.2d 801 (1978).

Instantly, we think the arrest of appellant more closely resembles the latter category of cases where "pieces of information which are insufficient in themselves to establish probable cause may be assembled to establish this necessary predicate for arrest." *Legg*, supra, 392 A.2d 803. Giles told the police his attackers consisted of four people: a black female, 23 years of age, 5'7", 110 lbs., short hair, red shirt, blue jeans; a black female, 23, 5'5", 130 lbs., short hair, blue jeans; a black male, 20, 5'10", 140 lbs., natural hair, medium complexion, blue jeans; a black male, 21, 5'8", 160 lbs., heavy build. S.T. 45–6. Ninety minutes after the robbery, the officers stopped the foursome, two blocks from Giles' residence as they were headed west, away from the scene of the crime. All four individuals fit the Giles descriptions. S.T. 47.

The police were looking for a group of four: two women and two men. These suspects were spotted two blocks distant from the crime and only a short time afterwards; all four, including appellant, satisfied the description down to grouping, sex, age, height, weight, and build. In dealing with probable cause, we must recall that "we deal with probabilities—the factual and practical considerations of everyday life." *Commonwealth v. Jones*, 457 Pa. at 428, 322 A.2d at 123. Under the present circumstances, we cannot say the officers should have shrugged their shoulders and looked the other way, thus allowing a criminal to escape. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Hence, we find probable cause.

■ Since we find the arrest proper, we need not consider whether the identification, confession, or other tangible evidence should be suppressed as unlawful fruits. Appellant contends, nonetheless, that the on-the-scene identification in the police van should have been excluded because counsel was not present. This argument is devoid of merit. We have recently held in *Commonwealth v. Aaron*, 255 Pa.Super. 289, 386 A.2d 1006, (1978), that the right to counsel has not yet attached in a prompt, post-arrest, on-the-scene confrontation between a witness and a suspect. The instant identification occurred no more than 90 minutes after the crime. Appellant and his confederates were seated on benches in the back of a police wagon while the victim Giles stood outside and in front of the van and identified appellant through the front windshield. Under these circumstances, *Aaron* is controlling. See also *Commonwealth v. Ray*, 455 Pa. 43, 315 A.2d 634 (1974).

Judgment of Sentence Affirmed.

This case was decided prior to the retirement of JACOBS, President Judge.

HOFFMAN, J., did not participate in the consideration or decision of this case.