COMMONWEALTH of Pennsylvania,
Appellee

v.

Jamar JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted May 27, 2008.
Filed Nov. 17, 2008.

William P. Wismer, Media, for appellant.

William R. Toal, III, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, SHOGAN and HUDOCK, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Jamar Johnson, appeals from the judgment of sentence entered following his conviction of multiple offenses related to the shooting of Shante Powell, an eyewitness to a double murder. We affirm.

¶ 2 The trial court stated the factual and procedural history as follows:

Appellant filed a timely notice of appeal from the sentence imposed on July 10, 2007. He was convicted by a jury in April 2004 of Criminal Attempt, Homicide[1], Recklessly Endangering Another Person[2], Intimidation of Witnesses or Victims[3], Retaliation Against Witness or Victim[4], and Persons Not to Possess, Use, Manufacture, Control or Transfer Firearms[5]. At sentencing, Defendant received an aggregate sentence of twenty-two to forty-nine years of incarceration, followed by three years of consecutive probation. Defendant filed a timely notice of appeal. The statement of matters complained of on appeal raised ten issues for consideration, including the legality of his sentence. The Superior Court, in an Opinion filed September 26, 2006, affirmed the judgment in part, but agreed with Appellant that the seventeen and one-half to forty year sentence imposed on the conviction for attempted murder was illegal. The Superior Court vacated the sentence and remanded the case for resentencing.

On July 10, 2007, Appellant was resentenced as follows:

| Info A | Criminal Attempt, Homicide | 10 to 20 yrs |
|---|---|---|
| Info C, Ct 2 | Recklessly Endangering Another Person | 1 to 2 yrs |
| Info D | Intimidation of a Witness | 3 to 10 yrs |
| Info E | Retaliation Against a Witness | 3 to 6 yrs |
| Info F | Person not to Possess Firearm | 1 to 4 yrs |

Information C, Count 2 was ordered to run consecutively to Information A and Information D was ordered to run consecutively to Information C, Count 2. Information E was ordered to run concurrently to Information D and Information F was ordered to run consecutively to Information D. Therefore, the aggregate sentence imposed was 15 to 36 years of confinement. Defense counsel raises one issue for consideration in this Appeal.

On January 14, 2003, Shante Powell testified on behalf of the Commonwealth at a preliminary hearing in a prosecution charging Raheem Johnson, the brother of the Defendant in the instant case, with two counts of Murder in the First Degree. Shante Powell was an eyewitness to the killing and testified before a District Justice as a witness for the Commonwealth against Raheem Johnson about her observations on the night of the killing. At the conclusion of the hearing, Raheem Johnson was held for court on two counts of Murder and on related charges.

About two weeks later, on February 3, 2003 in the early morning hours, Shante Powell walked from her home with her sister, Monica Powell, to an A Plus store in Chester City, Delaware County, Pennsylvania. Once there, they purchased a few items including a box of

Krispy Kreme donuts, and walked back toward their apartment. As they crossed the street and approached the sidewalk on the other side, two black males sprang up from behind a set of bushes and began firing guns at Shante Powell. Monica Powell testified that Defendant appeared first. He held a gun with both of his hands and aimed the gun at her sister Shante's head and began firing. Shante Powell ducked, turned and ran away from the assailant. Monica Powell testified that Defendant pursued her sister into the middle of the street and fired an additional five or six shots at her. Despite Defendant's attempts, only one of the bullets struck Shante Powell, hitting her in her left foot.

1. 18 Pa.C.S. § 901
2. 18 Pa.C.S. § 2705
3. 18 Pa.C.S. § 4952
4. 18 Pa.C.S. § 4953
5. 18 Pa.C.S. § 6105

Trial Court Opinion, 12/27/07, at 1–3.

¶ 3 Appellant raises the following issues on appeal:

1. Did the lower court commit abuse of discretion and error of law in imposing sentences, to be served consecutively, the aggregate of which totaled 15 to 36 years, where the trial court imposed a sentence that was manifestly excessive to the point that it constituted too severe a punishment given the circumstances of the crime and the character of the Appellant, and where the sentence was based solely on the serious nature of the crimes?

2. Is the sentence of 3 to 10 years for Intimidation of a Witness illegal, as a violation of *Apprendi [v.] New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), imposed as it was without a finding by the jury as

to the grading of the offense that was the subject of the intimidation, which was necessary to raise the grading of the offense from a third degree felony to a second degree felony?

Appellant's Brief at 4.

■ ¶ 4 Initially, we note that Appellant's first issue challenges the discretionary aspects of his sentence. Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars,* 895 A.2d 1270, 1275 (Pa.Super.2006).

■ ¶ 5 Because Appellant's claim challenges the discretionary aspects of a sentence, it must be considered to be a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. McAfee,* 849 A.2d 270, 274 (Pa.Super.2004), *appeal denied,* 580 Pa. 695, 860 A.2d 122 (2004). A party who desires to raise such a challenge must meet two requirements before an appeal of the judgment of sentence will be heard on the merits. *Id.* First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. *Id.;* Pa.R.A.P. 2119(f). Second, the appellant must show that there is a substantial question that the sentence imposed is inappropriate. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner,* 784 A.2d 808, 811 (Pa.Super.2001), *appeal denied,* 568 Pa. 695, 796 A.2d 979 (2002).

¶ 6 Herein, the first requirement is met because Appellant's brief includes the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we will next determine whether Appellant's issue raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

¶ 7 Appellant claims that the sentencing court abused its discretion in imposing consecutive sentences where the court failed to consider certain mitigating factors such as Appellant's prospects for rehabilitation as demonstrated by his involvement in various programs. Essentially, Appellant asserts that the sentencing court abused its discretion in imposing consecutive sentences after being advised that Appellant "had begun formal instruction in such [programs] as citizenship, parenting, and victim awareness." Appellant's Brief at 12.

¶ 8 We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. *Commonwealth v. Lloyd,* 878 A.2d 867, 873 (Pa.Super.2005), *appeal denied,* 585 Pa. 687, 887 A.2d 1240 (2005) (citing *Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995)). Long stand-

ing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Marts,* 889 A.2d 608, 612 (Pa.Super.2005) (citing *Commonwealth v. Graham,* 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995)). A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. *Lloyd,* 878 A.2d at 873. "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." *Hoag,* 665 A.2d at 1214. Also, an allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. Petaccio,* 764 A.2d 582, 587 (Pa.Super.2000). Accordingly, Appellant's assertion of abuse of discretion for imposing consecutive sentences without properly considering mitigating factors fails to present a substantial question to justify this Court's review of his claim. Thus, we decline to address this issue.[1]

¶ 9 Appellant next argues that the sentence imposed on his conviction of in-

---

1. Even if we were to consider this claim, we note that it lacks merit. Here, we note that the trial court "determined that the sentence was necessary and reasonable under the circumstances given the Defendant's past behavior and present offense." Trial Court Opinion, 12/27/07, at 5. We also note that prior to sentencing Appellant within the guidelines, the court was aware of Appellant's background as presented in the presentence report. In addition, the sentencing court indicated Appellant had refused to participate in a psychological evaluation and a drug and alcohol evaluation. Further, the court heard from "family members of Appellant and con-

sidered Appellant's family relationships and responsibilities, his educational level, his extensive history ... for other offenses, the protection of society, deterrence of like offenses to be committed by others and Defendant's rehabilitation." N.T., 7/10/07, at 33–37. Thus, there is no merit to Appellant's allegation that the trial court failed to consider mitigating factors. *See Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors).

timidation of a witness is illegal because it violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Specifically, Appellant asserts that his sentence of 3 to 10 years for intimidation of a witness was illegal because the jury had not made a specific finding with respect to the facts in support of elevating the grading of the offense to a first degree felony rather than a third degree felony.[2] Appellant contends that, in order to change the grading of the offense, the jury was required to make a finding regarding the level of the underlying crime for which the intimidated witness was due to testify.

¶ 10 Initially, we note that Appellant concedes that this issue has not been previously raised. Appellant's Brief at 14–15. However, this issue challenges the legality of Appellant's sentence. Because a challenge to a sentence premised upon *Apprendi* implicates the legality of that sentence, it cannot be waived on appeal. *Commonwealth v. Aponte*, 579 Pa. 246, 250 n. 1, 855 A.2d 800, 802 n. 1 (2004) (citing *Commonwealth v. Wynn*, 567 Pa. 183, 786 A.2d 202 (2001) (*per curiam* )). Accordingly, we will review the merits of this issue.

¶ 11 In *Apprendi*, the United States Supreme Court held that the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, as applied to the states through the Fourteenth Amendment, require consideration as follows:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable

doubt.... "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established beyond a reasonable doubt."

*Apprendi*, at 490, 120 S.Ct. 2348 (emphasis added) (quoting *Jones v. United States*, 526 U.S. 227, 252–253, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

¶ 12 In *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), the Supreme Court offered the following additional clarification pertaining to the applicability of the principles of *Apprendi*:

> "Our precedents make clear ... that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or **admitted by the defendant**.... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' ... and the judge exceeds his proper authority."

*Cunningham*, 549 U.S. at 283, 127 S.Ct. 856 (quoting *Blakely v. Washington*, 542 U.S. 296, 303–304, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)) (emphasis added). Thus, there is no Sixth Amendment violation where the defendant admitted the fact in question. *See Commonwealth v. Belak*,

---

**2.** We note that for third degree felonies the longest allowable maximum sentence is 7 years. 18 Pa.C.S.A. § 1103. For first degree felonies, the longest allowable maximum sentence is 20 years. *Id.* Instantly, Appellant was

sentenced to a term of incarceration of 3 to 10 years for his conviction of intimidation of a witness. Thus, Appellant's sentence would exceed the longest allowable maximum if the crime was graded as a third degree felony.

573 Pa. 414, 420 n. 10, 825 A.2d 1252, 1256 n. 10 (2003) (concluding that no *Apprendi* relief should be due based upon failure to submit question to jury regarding whether victims were home during burglaries, when the appellant previously stipulated to that fact).

¶ 13 Moreover, we are mindful that it has long been the rule in this Commonwealth that "[c]ounsel represent their client and their admissions are *prima facie* his admissions. Certainly so even in criminal cases when made in his presence and to the jury." *Commonwealth v. McMurray*, 198 Pa. 51, 60–61, 47 A. 952, 953 (1901). "In trials for felony, admissions of fact which the government is bound to prove are not permitted unless made at the trial in open court by the prisoner or his counsel." *Id. See also Commonwealth v. Phillips*, 273 Pa.Super. 321, 417 A.2d 669, 671–672 (1979) (ruling permissible the trial court's instruction to the jury that defense counsel's admissions during closing argument could be treated as evidence proved against the appellant).

¶ 14 Instantly, the sentence in question was imposed on Appellant's conviction of intimidation of witnesses or victims, which is codified at 18 Pa.C.S.A. § 4952 and which provides the following pertinent definition and grading of the offense:

(a) **OFFENSE DEFINED.**—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

(4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

(b) **GRADING.**—

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

\* \* \*

(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(3) The offense is a felony of the second degree if a felony of the sec-

ond degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952.

¶ 15 Pursuant to the statute, the grading of the offense begins as a second degree misdemeanor. 18 Pa.C.S.A. § 4952(b)(5). The level of the crime is elevated to a third degree felony if the actor employs or threatens to employ force, violence or deception upon the witness or victim. 18 Pa.C.S.A. § 4952(b)(4). The crime of intimidation of a witness or victim is raised to a second degree felony if the underlying case in which the witness or victim was involved was also a felony of the second degree. 18 Pa.C.S.A. § 4952(b)(3). Likewise, the crime is elevated to a first degree felony if the underlying case in which the witness or victim was involved was also a felony of the first degree or if the case involved a charge of murder. 18 Pa.C.S.A. § 4952(b)(2).

¶ 16 Our review of the record reflects that on April 16, 2004, the jury convicted Appellant of intimidation of Shante Powell. N.T., 4/16/04, at 33–34. The jury specifically found that Appellant threatened or employed force or violence in his intimidation of Shante Powell. Id. at 34. Thus, upon the jury's specific finding, the grade of the offense of intimidation of a witness was immediately elevated to a third degree felony.

¶ 17 Our review of the record further reveals that Appellant's counsel admitted, during closing argument, to certain relevant facts pertaining to Shante Powell testifying as a witness in relation to the two charges of murder brought against Appellant's brother. With regard to Shante Powell, Appellant's counsel stated: "This is a woman who's testifying against Raheem Johnson[, Appellant's brother,] in a double homicide. You think word didn't get back to them that somebody tried to kill Shant[e]? Sure it did." N.T., 4/15/04, at 68–69. Appellant's counsel further stated: "Shant[e] Powell—and we admit that Shant[e] Powell testified against Raheem Johnson. I mean that's a matter of record. And that's—in large measure that's what this case is based on." Id. at 79. Thus, Appellant admitted to the fact that Shante Powell was a witness against Appellant's brother on his charges for murder. Accordingly, there was no need for the jury to make a specific factual finding regarding the crime to which Shante Powell had been a witness. In light of the admission that Shante Powell had testified against Appellant's brother in the murder proceedings, we conclude that the facts support the trial court's conclusion that the conviction of intimidation of a witness should be graded as a first degree felony. Consequently, Appellant's claim that his sentence was imposed in violation of Apprendi lacks merit.

¶ 18 Judgment of sentence affirmed.