J-S54005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY JON SANTERSERO | |
| Appellant | No. 378 MDA 2014 |

Appeal from the Judgment of Sentence November 27, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000457-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                 **FILED OCTOBER 10, 2014**

Timothy Jon Santersero appeals from his judgment of sentence imposed on November 22, 2013 in the Court of Common Pleas of Luzerne County after he pled guilty to ten counts of possession of child pornography.[1] Counsel has petitioned this Court to withdraw his representation of Santersero pursuant to **Anders**, **McClendon** and **Santiago**.[2]  Upon review,

---

[1] 18 Pa.C.S.A. § 6312(d)(1).  Santersero was prosecuted under an earlier version of the statute.  Subsection (d)(1) of the prior version was, in substance, replaced by current section 6312(d).  **See**  Act 2013-105 (H.B. 321), P.L. 1163, § 2, approved Dec. 18, 2013, eff. Jan. 1, 2014.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

we affirm Santersero's judgment of sentence and grant counsel's petition to withdraw.

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Santersero with a copy of the brief and a letter explaining Santersero's right to proceed *pro se*,[3] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel also has

---

[3] Santersero has not submitted any additional or supplemental filings to this Court. Additionally, the Commonwealth has indicated that it will not be filing a brief in this matter.

submitted a brief, setting out in neutral form a single issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the issue to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

On appeal, Santersero raises the following issue for our review: Whether the trial court abused its discretion in sentencing him to consecutive, rather than concurrent, sentences.

It is well-settled that the sentencing court possesses the discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008). "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012).

Here, Santersero pled guilty to ten counts of possession of child pornography (F3). The offense gravity score on each count was a five;

Santersero's prior record score was also a five. Accordingly, a standard range sentence for each count would have been 12 to 18 months' imprisonment. On counts one and two, the court sentenced him to consecutive terms of imprisonment of 18 to 36 months. On each of the remaining counts, Santersero received concurrent sentences of 4 years' special probation, to run consecutive to the sentences imposed on counts one and two. Santersero's sentences were within the standard range. Moreover, the trial court was in possession of a pre-sentence investigation report, which it considered in fashioning Santersero's sentence. Where a pre-sentence report exists, we presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007).

In light of the foregoing, and of the serious nature of Santersero's multiple offenses, we are unable to conclude that the trial court abused its discretion in running Santersero's sentences consecutively rather than concurrently. Because Santersero's sole appellate claim is without merit, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed; petition to withdraw as counsel granted.

STABILE, J., Joins in the memorandum.

MUNDY, J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/10/2014</u>