J-S15018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
                 v.              :
                                 :
                                 :
                                 :
DUWAYNE A. DIXON, JR.            :
                                 :
             Appellant           :    No. 1203 WDA 2019

Appeal from the PCRA Order Entered August 2, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016492-2008

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  November 5, 2021**

This case returns to us following remand from the Pennsylvania Supreme Court.  More specifically, on December 23, 2020, our Supreme Court granted a petition for allowance of appeal filed by Appellant, Duwayne A. Dixon, Jr.  ***See Commonwealth v. Dixon***, 241 A.3d 1092 (Pa. 2020) (*per curiam* order granting *allocatur*).  In context, Appellant's petition for allowance of appeal asked the Supreme Court to review our order affirming the dismissal of Appellant's petition for collateral review filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Our Supreme Court confined its grant of review "to consider whether [18 Pa.C.S.A. §] 4952(b)(2) is a mere grading provision relative to the offense of witness intimidation or [] an element of the first-degree-felony-graded offense under

---

[*] Former Justice specially assigned to the Superior Court.

*Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and its progeny." *Commonwealth v. Dixon*, 255 A.3d 1258, 1264 (Pa. 2021). Ultimately, our Supreme Court concluded that Section 4952(b)(2) constituted an element of the first-degree-felony-graded offense of witness intimidation under *Apprendi*, implying that Appellant's petition for collateral relief on grounds of ineffective assistance of counsel possessed arguable merit. Accordingly, the Court vacated our previous decision affirming the dismissal of Appellant's petition and remanded the matter to us for further proceedings consistent with its opinion. *Dixon*, 255 A.3d at 1267. We now remand this case to the PCRA court for an evidentiary hearing.

A jury convicted Appellant of aggravated assault, attempted homicide, criminal conspiracy, and intimidation of a witness.[1] On February 9, 2017, the trial court sentenced Appellant to an aggregate term of 203 to 406 months of incarceration. This Court affirmed Appellant's judgment of sentence on December 13, 2017. *See Commonwealth v. Dixon*, 2017 WL 6348256 (Pa. Super. 2017) (unpublished memorandum). On November 21, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition, on February 4, 2019, raising various claims. Relevant to this appeal, Appellant's PCRA petition alleged that trial counsel and direct appeal counsel were ineffective for failing to object to the intimidation of a witness jury instruction and Appellant's resulting sentence.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 901/2502, 903(a), 4952(a), and 4953(a), respectively.

More specifically, Appellant alleged that counsel failed to object to the trial court's defective jury instructions, and a defective jury verdict slip, directing the jury to find, as a matter of law, that the intimidation charge be graded as a first-degree felony, which carries an enhanced penalty compared to other default punishments set forth in Section 4952(b)(2). The PCRA court dismissed Appellant's petition, concluding that his claim of ineffective assistance of counsel lacked arguable merit. This Court affirmed the PCRA court's decision.

As mentioned above, our Supreme Court granted *allocatur* to examine Section 4952(b)(2) and determine whether that provision was "a mere grading provision relative to the offense of witness intimidation or [] an element of [a separate first-degree] graded offense under **Apprendi** and its progeny." **Dixon**, 255 A.3d at 1264. Initially, our Supreme Court noted that under **Apprendi** and progeny,

> a fact other than a fact other than a prior conviction which increases the punishment beyond the otherwise-imposable statutory maximum comprises an element of a distinct, higher-graded offense. Any finding of such fact which is not conceded by the defendant must be made by the jury upon proof beyond a reasonable doubt.

> [Thus, our Supreme Court] considered whether paragraph 4952(b)(2) relate[d] to a factual finding which increase[d] the sentence for the witness intimidation offense beyond the otherwise-imposable statutory maximum. It [concluded that Appellant's claim] undoubtedly relate[d] to a factual finding, namely, that "a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness," 18 Pa.C.S.A. § 4952(b)(2); that fact [] was not conceded by Appellant.

*Id.* at 1264-1265 (case citations omitted). Our Supreme Court determined that Section 4952(b)(2) was not a mere grading provision, but rather an element of the first-degree felony graded offense under *Apprendi*. *Id.* at 1267. Thus, our Supreme Court found that, in this case, the trial court's jury instruction violated *Apprendi* by directing the jury to find that the crime charged case in the case in which the actor sought to influence or intimidate the witness was a first-degree felony. *Id.* Ultimately, the Court determined,

> the verdict, when purged of the taint stemming from the erroneous instruction, established guilt on the witness-intimidation charge at the third-degree-felony level. The maximum prison sentence Appellant would have faced at that level was seven years. Because Appellant was sentenced to twelve years, for *Apprendi* purposes the sentence was greater than the otherwise-imposable statutory maximum.

*Id.* (internal citations and footnote omitted). Accordingly, the Supreme Court vacated our decision and remanded the case to this Court for further consideration.

Furthermore, we note that Justice Dougherty authored a concurring opinion in *Dixon*, joined by Justice Baer, "to make clear that inherent in this holding [wa]s a finding that [A]ppellant's underlying PCRA claim ha[d] arguable merit and the Superior Court erred when it affirmed the PCRA court by concluding 'Appellant is not entitled to relief because there is no merit to his claim[.]'" *Id.* at 1267–1268. Justice Dougherty "anticipate[d] correction of this error would be the Superior Court's starting point upon remand." *Id.* at 1268.

We recognize that, under the PCRA, Appellant asserted that trial counsel was ineffective for failing to object to an erroneous jury instruction regarding intimidation of a witness. The PCRA court determined that this claim lacked arguable merit and dismissed the claim without an evidentiary hearing. On appeal, we agreed. The Supreme Court, however, disagreed and found that there was arguable merit to this claim. We are mindful that:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280–1281 (Pa. Super. 2017). Here, in support of his ineffective assistance of counsel claim, Appellant also argued "he was prejudiced by receiving a higher sentence than he otherwise would have, and there was no strategic basis for trial counsel's failure to challenge the jury charge." *Dixon*, 255 A.3d at 1263. The PCRA court did not conduct an evidentiary hearing or analyze these additional two prongs of the test for counsel ineffectiveness. "As to the reasonable basis prong, [our Supreme Court has] recognize[d] that, generally, the court should not glean from the record whether counsel had a reasonable basis for his action or inaction absent an evidentiary hearing, and that it is only in the most clear-cut

cases that the reasons for counsel's conduct are apparent from the record."

***Commonwealth v. Hanible***, 30 A.3d 426, 442 (Pa. 2011) (citation omitted).

Accordingly, we remand this case to the PCRA court for an evidentiary hearing

to determine whether trial counsel had a reasonable strategy by not objecting

to the jury instruction at issue.[2, 3]

_____

[2] Further, we are cognizant that:

> In **Cunningham v. California**, 549 U.S. 270 (2007), the [United States] Supreme Court offered the following additional clarification pertaining to the applicability of the principles of **Apprendi**:
>
>> "Our precedents make clear ... that the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or **admitted by the defendant**.... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' ... and the judge exceeds his proper authority."
>
> **Cunningham**, 549 U.S. at 283 (quoting **Blakely v. Washington**, 542 U.S. 296, 303–304 (2004)) (emphasis added). Thus, there is no Sixth Amendment violation where the defendant admitted the fact in question. **See Commonwealth v. Belak**, 825 A.2d 1252, 1256 n. 10 (Pa. 2003) (concluding that no **Apprendi** relief should be due based upon failure to submit question to jury regarding whether victims were home during burglaries, when the appellant previously stipulated to that fact).

> Moreover, we are mindful that it has long been the rule in this Commonwealth that "[c]ounsel represent their client and their admissions are prima facie his admissions. Certainly so even in criminal cases when made in his presence and to the jury." **Commonwealth v. McMurray**, 47 A. 952, 953 (Pa. 1901). "In trials for felony, admissions of fact which the government is bound to prove are not permitted unless made at the trial in open court by the prisoner or his counsel." **Id.**[; **s**]**ee also Commonwealth**

*(Footnote Continued Next Page)*

- 7 -

Finally, we mention that in our prior decision we also determined *sua sponte* that Appellant was improperly convicted and sentenced for two inchoate crimes, culminating from the same offense, criminal attempt -

---

*v. Phillips*, 417 A.2d 669, 671–672 (Pa. Super. 1979) (ruling permissible the trial court's instruction to the jury that defense counsel's admissions during closing argument could be treated as evidence proved against the appellant).

*Commonwealth v. Johnson*, 961 A.2d 877, 881–882 (Pa. Super. 2008); *see also Dixon*, 255 A.3d at 1264 ("Any finding of [] fact which is not conceded by the defendant must be made by the jury upon proof beyond a reasonable doubt."). Here, upon remand, the PCRA court should also consider the possibility that defense counsel stipulated to the grading of the intimidation charge and/or defendant otherwise admitted the fact in question. If there was such a stipulation or admission during trial, the jury instruction at issue would not be erroneous under our Supreme Court's analysis.

[3] Our reading of *Dixon* leads us to conclude that the Supreme Court already determined that Appellant was prejudiced by trial counsel's failure to object to the erroneous statement included within the challenged instruction. The Court, in *Dixon*, reasoned that, "the verdict, when purged of the taint stemming from the erroneous instruction, established guilt on the witness intimidation charge at the third-degree felony level. The maximum prison sentence Appellant would have faced at that level was seven years. [*See* 18 Pa.C.S.A. § 1103(3)]. Because Appellant was sentenced to 12 years, *see generally Hudson v. Pa. Board of Parole*, 204 A.3d 392, 396 (Pa. 2019) (noting that when a defendant is sentenced to a range of years, the higher number is the actual sentence and the lower number represents the earliest parole date), for *Apprendi* purposes the sentence was greater than the otherwise-imposable statutory maximum." *Dixon*, 255 A.3d at 1267. Because Appellant received a sentence which was lengthier than that which was supported by the verdict as established under the proper aspects of the instruction, we infer from *Dixon* that Appellant has demonstrated, for purposes of his *Apprendi* claim, prejudice due to trial counsel's failure to object. *See Commonwealth v. Hutchison*, 25 A.3d 277, 285 (Pa. 2011) ("To establish [the prejudice prong in the context of an ineffective assistance claim], [a]ppellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.").

homicide (18 Pa.C.S.A. § 901) and criminal conspiracy to commit homicide (18 Pa.C.S.A. § 903). **See Commonwealth v. Dixon**, 2017 WL 6348256 (Pa. Super. 2017) (unpublished memorandum) at *8. Because Appellant did not receive additional punishment for conspiracy to commit homicide, however, we determined that we did not need to remand for resentencing, but simply vacated the judgment of sentence imposed on the criminal conspiracy charge. **Id.** The Commonwealth did not appeal that decision and our Supreme Court limited Appellant's allowance of appeal to the issue pertaining to the jury instruction. **See Commonwealth v. Tilghman**, 673 A.2d 898, 903 (Pa. 1996) ("[W]hen an appeal is before [our Supreme Court] by means of [] allowance of appeal, [the Supreme Court] review[s] only those issues raised by the petition for allowance of appeal which [the Court] deemed appropriate in accordance with [its] statutory duty and accepted for review."). Here, the Supreme Court confined its grant of review "to consider whether [18 Pa.C.S.A. §] 4952(b)(2) is a mere grading provision relative to the offense of witness intimidation or [] an element of the first-degree-felony-graded offense under **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)] and its progeny." **Commonwealth v. Dixon**, 255 A.3d 1258, 1264 (Pa. 2021); **see also Commonwealth v. Dixon**, 241 A.3d 1092 (Pa. 2020) (*per curiam* order granting *allocatur*). Thus, the portion of our prior decision vacating Appellant's judgment of sentence imposed on the criminal conspiracy charge remains intact.

Case remanded for an evidentiary hearing. Jurisdiction relinquished.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2021