J-A01025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COURTNEY WILSON | |
| Appellant | No. 2598 EDA 2014 |

Appeal from the Judgment of Sentence April 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001091-2012
CP-51-CR-0001093-2012
CP-51-CR-0001094-2012

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED APRIL 29, 2016**

Courtney Wilson appeals from the judgment of sentence imposed on April 4, 2014, in the Philadelphia County Court of Common Pleas. Wilson was sentenced to an aggregate term of 15 to 30 years' imprisonment following his guilty plea, at three separate dockets, to the sexual assault of three minor female victims. On appeal, Wilson challenges the legality of his sentence in light of the United States Supreme Court's decision in **_Alleyne v. United States_**, 133 S.Ct. 2151 (2013). For the reasons that follow, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts underlying Wilson's guilty plea were set forth by the trial court in detail in its opinion, and we need not reiterate them herein. ***See*** Trial Court Opinion, 12/11/2014, at 2-4. In summary, Wilson was charged with sexually assaulting three minor females -- his sister-in-law, C.C., and two girls he met through church, S.P. and T.M. At a hearing conducted on June 17, 2013, he entered guilty pleas in all three cases. At Docket No. 1093-2012, Wilson pled guilty to charges of rape, involuntary deviate sexual intercourse ("IDSI"), endangering the welfare of children ("EWC"), and corruption of minors,[1] for his assault of C.C. between 1997 and 2002, when she was 10 to 15 years old. At Docket No. 1091-2012, Wilson entered a guilty plea to charges of rape, EWC, and corruption of minors[2] for his assault of S.P., between 2001 and 2005, when she was 14 to 18 years old. Lastly, at Docket No. 1094-2012, Wilson pled guilty to corruption of minors and indecent assault,[3] for his assault of T.M. in September of 2001, when she was 12 years old. During the plea hearing, the Commonwealth explicitly stated the rape and IDSI charges were subject to five-year mandatory

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 4304(a), and 6301(a)(1), respectively.

[2] 18 Pa.C.S. §§ 3121(a)(1), 4304(a), and 6301(a)(1), respectively.

[3] 18 Pa.C.S. §§ 6301(a)(1) and 3126(a)(7), respectively.

minimum sentences. *See* N.T., 6/17/2013, at 15-16; 42 Pa.C.S. § 9718(a).[4]

Wilson proceeded to sentencing on April 4, 2014, at which time the trial court imposed the following sentence:[5] (1) at Docket No. 1093-2012, two consecutive terms of five to 10 years' imprisonment for rape and IDSI; (2) at Docket No. 1091-2012, a consecutive term of five to 10 years' imprisonment for rape; and (3) at Docket No. 1094-2012, a concurrent term of one to two years' imprisonment for indecent assault. No further punishment was imposed on the remaining charges. Wilson filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The motion was denied by operation of law on August 13, 2014, and this timely appeal followed.[6]

---

[4] The Commonwealth also explained that, although the statute currently provides for a 10-year mandatory minimum term, at the time the offenses were committed, the statute mandated only a five-year minimum sentence. N.T., 6/17/2013, at 15.

[5] Prior to the sentencing hearing, Wilson underwent an assessement by the Sexual Offenders Assessment Board to determine if he met the criteria for a sexually violent predator ("SVP") pursuant to the Sexual Offenders Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. § 9799.10 *et seq*. The assessor determined Wilson met the definition of an SVP and Wilson chose not to contest the assessor's determination. *See* N.T., 4/4/2014, at 9-10.

[6] On September 16, 2014, the trial court directed Wilson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, Wilson filed a concise statement on October 22, 2014.

Wilson's sole issue on appeal is a challenge to the legality of his sentence. He argues that "insofar as [his] sentence was dictated by a mandatory minimum sentencing statute which was triggered by a determination of a fact beyond the elements of the offenses charged," his sentence is illegal pursuant to **Alleyne**. Wilson's Brief at 11.

Preliminarily, however, we must address the Commonwealth's contention that Wilson's claim is waived. The Commonwealth asserts because Wilson failed to preserve this issue "before the sentencing court or in his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)," we may not address the claim on appeal. Commonwealth's Brief at 12. Further, it insists that the prior decisions of this Court, which have held an **Alleyne** claim is a nonwaivable challenge to the legality of sentencing, are "incorrect," and emphasizes that this very question is pending before the Pennsylvania Supreme Court. *Id.* at 12-13. **See Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015) (granting appeal to consider whether the Superior Court erred as a matter of law when it determined, *sua sponte*, defendant's mandatory minimum sentence was unconstitutional under **Alleyne**); **Commonwealth v. Barnes**, 105 A.3d 47 (Pa. Super. 2014) (unpublished memorandum), *appeal granted*, 122 A.3d 1034 (Pa. 2015) (granting appeal to consider, *inter alia*, whether an **Alleyne** claim raises a challenge to the legality of sentencing).

While we recognize the Commonwealth's disagreement with this Court's prior decisions, we remain bound by the sound precedent of our Court, sitting *en banc*, in **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), which specifically held "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal." **Newman**, **supra**, 99 A.3d at 90. For that reason, we reject the Commonwealth's waiver argument, and proceed to the substantive issue on appeal.

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. Applying that mandate, this Court, in **Newman**, found that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 unconstitutional because Subsection (c) of that statute permitted the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**.[7] **See** 42 Pa.C.S. § 9712.1(c). Under the

_____

[7] The "proof at sentencing" provision states:

*(Footnote Continued Next Page)*

reasoning of *Alleyne*, the *Newman* Court explicitly held: "Section 9712.1 can no longer pass constitutional muster." *Newman*, *supra*, 99 A.3d at 98. Significantly, the Court also found the offensive subsection of the statute was not severable, thereby invalidating the sentencing statute as a whole. *Id.* at 101. More recently, the Pennsylvania Supreme Court applied the same analysis to invalidate the statute codified at 18 Pa.C.S. § 6317, which provides a two-year mandatory minimum sentence when a defendant is convicted of, *inter alia*, delivery of a controlled substance within 1,000 feet of a school. *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). *See id.* at 261 ("[W]e find the unoffending portions of the statute, standing alone, without a wholesale rewriting, are incomplete and incapable of being vindicated in accord with the legislature's intent.").

Since the decision in *Newman*, *supra*, this Court has consistently held that mandatory minimum statutes, which include the same "proof at sentencing" provisions permitting the trial court to find determinative factors

*(Footnote Continued)* ————————————

> **(c) Proof at sentencing.**--Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1(c).

under a preponderance of the evidence standard at sentencing, are unconstitutional. *See Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014) (applying *Newman* to 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 494 (Pa. 2015); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super 2014) (applying *Newman* to 42 Pa.C.S. §§ 9712 and 9713), *appeal denied*, 124 A.3d 309 (Pa. 2015). Relevant to this appeal, a panel of this Court in *Wolfe*, *supra*, employed *Newman*'s reasoning to invalidate Section 9718, the mandatory minimum statute applied herein.[8] *See Wolfe*, *supra*, 106 A.3d at 805 ("*Newman* stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety[; therefore, as] Section 9718 is indistinguishable from the statutes struck down in *Newman* and *Valentine*, we are constrained to conclude that Section 9718 is also facially void.") (citations omitted).

However, the case before us presents a critical factual distinction, differentiating it from *Wolfe* and *Newman*. The offenses occurred between 1997 and 2005, Wilson was sentenced under **pre-2007** versions of Section 9718, which did not include the "proof at sentencing" subsection that has been determined to be invalid.[9] *See* 1995, March 31, P.L. 985, No. 10

---

[8] As noted above, the Pennsylvania Supreme Court has granted allowance of appeal in *Wolfe*, but, as of this date, has not rendered a decision.

[9] It is clear from the sentencing transcript that the trial court imposed the mandatory minimum under the pre-2007 versions of the statute. *See* N.T.,
*(Footnote Continued Next Page)*

- 7 -

(Spec. Sess. No. 1), § 17, effective in 60 days; 2004, Nov. 30, P.L. 1703, No. 217, § 4, imd. effective. It was not until the 2006 amendment, effective January 1, 2007, that the Legislature added the language directing the sentencing court to determine "by a preponderance of the evidence, if this section is applicable." 42 Pa.C.S. § 9718(c). Accordingly, the mandatory minimum statute applied to Wilson's sentence is not facially unconstitutional pursuant to **Newman** and **Hopkins**.[10]

Because the analysis in **Newman** and **Hopkins** does not apply under the facts *sub judice*, we look to the case law interpreting the Supreme Court's prior decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000). The **Alleyne** decision was an extension of **Apprendi**, which held: "Other

*(Footnote Continued)* _____

6/17/2013, at 15-16. Indeed, while the statute currently provides for a mandatory minimum 10-year sentence for Wilson's crimes, the pre-2007 versions provided for only a 5-year mandatory minimum term.

[10] We note that Wilson asserts the pre-2007 version of Section 9718 suffers from the same deficiency as the present version, that is, "there is no procedure for a judicial determination of the facts (here, the age of the victim) necessary to trigger the imposition of the mandatory sentence that could possibly comply with the mandate of **Alleyne**." Wilson's Brief at 15. We disagree. In **Hopkins**, the Supreme Court held the offending language in Section 6317 was not severable because the statute **as a whole** demonstrated the Legislature's "clear expressions" that the statute apply **only at sentencing**, and not constitute a new aggravated offense. **Hopkins**, *supra*, 117 A.3d at 259. The pre-2007 version of Section 9718 did not contain any of the offending language. Therefore, the Legislature did not provide "clear expressions" as to how the triggering facts would be determined. Accordingly, so long as the facts are established beyond a reasonable doubt, the statute does not facially violate **Alleyne**.

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *See Alleyne*, *supra*, 133 S.Ct. at 2160 ("[T]he principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum."). In applying the *Apprendi* holding, the Supreme Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted* by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, (2004) (emphasis in original and further supplied). Therefore, this Court has found no *Apprendi* violation "where the defendant **admitted the fact in question**" which justified an aggravated sentence. *Commonwealth v. Johnson*, 961 A.2d 877, 881 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009) (emphasis supplied) (during closing argument, counsel admitted an intimidated witness intended to testify in homicide case, elevating crime of intimidation of witness to first degree felony).

Here, Wilson, by virtue of his guilty plea, admitted the facts necessary to impose the five to 10 year mandatory minimum sentences for his convictions of rape and IDSI. With regard to victims C.C. and S.P., notice of the girls' respective ages at the time of the crimes - both under the age of 16 - was provided on Wilson's criminal informations. *See* Criminal Information, Docket No. 1093-2012, 2/1/2012; Criminal Information, Docket

No. 1091-2012, 2/1/2012.[11]  Moreover, during the guilty plea hearing the Commonwealth specifically stated:  (1) S.P. was "under 16" when Wilson raped her, (2) and Wilson sexually assaulted C.C. when she was between the ages of 10 and 15.  N.T., 6/17/2013, at 11, 18-20.  **See also id.** at 22 (Commonwealth stating "from 14 to 18 years old, [Wilson] had a sexual relationship with [S.P.]").  Wilson agreed, under oath, to all of the facts as stated by the Commonwealth, with the exception that he asserted the sexual relationship with C.C. did not begin until she was 13 years old.  **See id.** at 28.  Consequently, our review of the record demonstrates Wilson **admitted** the facts necessary to impose the mandatory sentence for the charges of rape and IDSI, that is, that the two victims were under the age of 16 at the time he sexually assaulted them, and his sentence is not constitutionally invalid under **Alleyne**.[12]

Judgment of sentence affirmed.

---

[11] With regard to Wilson's criminal information at Docket No. 1091-2012, for vicitm S.P., we note that S.P.'s age is not listed under the count for rape. However, the information does specify S.P. was under the age of 16 for the crime of statutory sexual assault.  Although Wilson did not plead guilty to the latter crime, the facts and elements of the crimes as set forth by the Commonwealth at the guilty plea hearing clearly demonstrate S.P. was under the age of 16 when Wilson raped her.

[12] We note that the trial court did not address the **Alleyne** issue in its opinion because, we noted *supra*, Wilson raised the claim for the first time in his brief before this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/29/2016</u>