J-S64035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID M. COOK | |
| Appellant | No. 198 EDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003068-2013

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 30, 2016**

Appellant David M. Cook appeals the judgment of sentence entered in the Court of Common Pleas of Bucks County on December 16, 2015, following the revocation of his parole.[1]  Following a review of the record, we dismiss the appeal.   As shall be discussed more fully ***infra***, in his counseled appellate brief, Appellant failed to comply substantially with the requirements set forth in Pa.R.A.P. 2111-2140; therefore, we are unable to conduct meaningful review.

_____

[1] The cover page of Appellant's brief incorrectly indicates he is appealing the January 4, 2016, Order denying his post-sentence motion for reconsideration of sentence.  The caption correctly reflects that the appeal is taken from the judgment of sentence entered on December 16, 2015.

*Former Justice specially assigned to the Superior Court.

Because a detailed recitation of the facts is not necessary to our disposition, we briefly note that the instant matter arises following the trial court's revocation of Appellant's parole due his direct and technical violations thereof after he was found guilty of simple assault, disorderly conduct and harassment on August 26, 2015. On December 16, 2015, a parole violation hearing was held following which Appellant was sentenced to serve the entirety of his back time of parole of nineteen (19) months and eighteen (18) days consecutive to his remaining sentences without eligibility for parole.[2] On December 24, 2015, Appellant filed his "Motion to Modify and Reconsider Sentence" wherein he averred the aforementioned sentence "was excessive in this it exceeds what is necessary to protect the public and rehabilitate [Appellant]." *See* Motion to Modify and Reconsider Sentence, filed 12/24/16, at ¶ 6. The trial court denied Appellant's motion in its Order filed on January 4, 2016. Appellant filed a timely notice of appeal on January 21, 2016, challenging the discretionary aspects of his sentence.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if a defect in the brief is substantial.

_____

[2] On August 27, 2015, Appellant received a sentence of one (1) to two (2) years in prison on the Simple Assault conviction and a consecutive sentence of ninety (90) days imprisonment on the Disorderly Conduct conviction. The trial court also found Appellant to be in contempt of a PFA Order that was active at the time of the assault for which he was sentenced to a consecutive term of six (6) months' incarceration.

*Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa.Super. 2005); Pa.R.A.P. 2101. Our review of Appellant's brief exposes substantial violations of the Rules of Appellate procedure.

In the "Scope and Standard of Review" portion of his appellate brief, Appellant fails to state the appropriate scope and standard of review, for while his is an appeal of the discretionary aspects of his sentence for a parole violation, he cites this Court's scope of review of appeals from a judgment of sentence imposed following probation revocation. **See** Pa.R.A.P. 2111(a)(3); Brief for Appellant at 5. In addition, Appellant purports to appeal from the January 4, 2016, order denying his post-sentence motion for reconsideration of sentence;[3] however, in a criminal context, an appeal properly lies from the judgment of sentence, not an order denying post-sentence motions. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa.Super. 2003) (*en banc*) (in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of a post-sentence motion); Brief for Appellant at 4.

Next, Appellant presents the following statement of the question presented:

---

[3] Specifically, although Appellant is a male, Appellant purports to appeal "her" denial of post-sentence motions. **See** Brief for Appellant at 4.

- 3 -

A.    Whether the trial court abused its discretion by imposing a sentence that was excessive in that it exceeds what is necessary to protect the public and rehabilitate Appellant.

Brief for Appellant at 5.

Appellant's assertion the trial court's sentence exceeded that which is necessary to protect the public and rehabilitate him is a challenge to the discretionary aspects of the sentence. *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (stating claim the trial court failed to consider a defendant's rehabilitative needs and the consecutive imposition of his sentences resulted in an excessive sentencing scheme challenges the discretionary aspects of sentence).  Challenges to the discretionary aspects of one's sentence are not appealable as of right, and in order for this Court to reach the merits of such claims, Appellant first must have satisfied a four-part test.  An essential element of this test is a consideration of whether his appellate brief has a fatal defect for his failure to comply with Pa.R.A.P. 2119(f).  *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011).

Rule 2119 provides in relevant part that:

**f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall** set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f) (emphasis added). In this regard, this Court has explained:

> [t]he concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super. 2004) (internal quotations and citations omitted). In the matter *sub judice*, Appellant nowhere includes a separate designation pursuant to Pa.R.A.P. 2119(f).

In *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super. 2006) this Court indicated we may review an appellant's discretionary aspects of sentence claims in instances where the Commonwealth has not objected to his or her failure to include a Rule 2119(f) statement in the appellate brief; however, we also stated "we need not do so." *Id*. citing *Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa.Super. 2005) *see also Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa.Super. 2004) (finding that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal"); Pa.R.A.P. 2119(f). Notwithstanding, the Note to Pa.R.A.P. 2111(d) states the 2008

- 5 -

amendments to Pa.R.A.P. 2119(f) "recognize that, while Pa.R.A.P. 2119(f) does not apply to all appeals, an appellant **must** include the reasons for allowance of appeal as a separate enumerated section immediately before the Argument section if he or she desires to challenge the discretionary aspects of a sentence." Pa.R.A.P. 2111(d) *note* (emphasis added). Indeed, this Court also has determined that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa.Super. 2012) (citation omitted). As such, when considered along with the other shortcomings of his appellate brief, Appellant's failure to include a Pa.R.A.P. 2119(f) statement constitutes a fatal defect.[4]

Lastly, Appellant has failed to attach the requisite concise statement and trial court opinion to his appellate brief. **See** Pa.R.A.P. 2111(d)(stating "there shall be appended to the brief of the appellant a copy of the

---

[4] Even assuming, *arguendo*, Appellant properly had averred in a Rule 2119(f) concise statement that his sentence was excessive and failed to take into consideration his rehabilitative needs, such a claim fails to raise a substantial question, for generally, a bald claim of excessiveness based upon the trial court's alleged inadequate consideration of mitigating factors or resulting from the imposition of consecutive sentences fails to raise a substantial question. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013); **Commonwealth v. Johnson, J.**, 961 A.2d 877, 880 (Pa.Super. 2008). Herein, Appellant devotes just three paragraphs of argument to develop what constitutes a bald allegation the trial court abused its discretion.

statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b)"); Pa.R.A.P. 2111(b) (providing "[t]here shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order of other determination under review, if pertinent to the questions involved"). In the "Statement of the Case" portion of his brief Appellant references his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) filed on February 4, 2016, and indicates that document is attached to his brief as Exhibit "A." Appellant further claims the trial court's responsive opinion was filed on February 23, 2016, and is attached as Exhibit "B." To the contrary, Exhibit "A" is a statement of matters complained of on appeal filed on December 21, 2015, wherein Appellant raises five, distinct issues. Exhibit "B" is a trial court Opinion filed on April 18, 2016, which addresses those issues.

We find the aforementioned substantial omissions and defects preclude meaningful review. Accordingly, we suppress Appellant's brief and dismiss his appeal. **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

Judge Stabile joins the memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/30/2016