J-S44021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIAN DENT | : | |
| | : | |
| Appellant | : | No. 1195 EDA 2017 |

Appeal from the Judgment of Sentence September 8, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001231-2014,
CP-51-CR-0004231-2014

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                          **FILED JULY 27, 2018**

Julian Dent (Appellant) appeals from the judgment of sentence imposed after he pled guilty at Docket 1232-2014 to aggravated assault, attempted robbery by threatening serious bodily injury, conspiracy, and possession of a firearm by a minor; and at Docket 1231-2014 to robbery by inflicting serious bodily injury, conspiracy to robbery by inflicting serious bodily injury, possession of a firearm by a minor, and simple assault.  We affirm.

The trial court summarized the background of this case as follows:

> For incidents occurring December 20-21, 2013, Julian Dent, the Appellant, was arrested and charged with two counts of aggravated assault (F2), conspiracy to robbery by threatening serious bodily injury (F1), two counts of carrying a firearm without a license (F3), attempted theft by unlawful taking of movable property (M1), two counts of carrying a firearm in public in Philadelphia (M1), two counts of possession of a firearm by a minor (M1), two counts of possession of a criminal instrument

(M1), two counts of simple assault (M2), recklessly endangering another person (M2), attempted robbery by inflicting serious bodily injury (F1), robbery by inflicting serious bodily injury (F1), conspiracy to robbery by inflicting serious bodily injury (F1), theft by unlawful taking of movable property (M1), and receiving stolen property (M2).

On January 30, 2014, all ten charges were held for court. On February 7, 2014, the charge of attempted robbery by inflicting serious bodily injury was replaced with attempted robbery by threatening serious bodily injury (F1). On July 11, 2014, a decertification hearing was held before the Honorable Benjamin Lerner and decertification of the Appellant was denied. On September 8, 2014, the Appellant entered an open guilty plea on CP-51-0001232-2014 to aggravated assault, attempted robbery by threatening serious bodily injury, conspiracy, and possession of a firearm by a minor. On CP-51-C R-0004231-2014, the Appellant entered an open guilty plea to robbery by inflicting serious bodily injury, conspiracy to robbery by inflicting serious bodily injury, possession of a firearm by a minor, and simple assault. The Commonwealth entered a *nolle prosequi* on the remaining charges. The Appellant was sentenced to a total of six (6) to twelve (12) years of state incarceration and two (2) years of state-supervised probation with credit for time served.

On September 16, 2014, the Appellant filed a motion for reconsideration of sentence. On September 17, 2014, the court denied the Appellant's motion without a hearing. On March 7, 2017, a Post-Conviction Relief Act (PCRA) hearing was held and the Appellant's motion for reinstatement of his appellate rights *nuns pro tunc* was granted. The Appellant timely filed a direct appeal to the Pennsylvania Superior Court.

Trial Court Opinion, 2/28/18, at 1-2 (footnotes citing the relevant portions of the Crimes Code omitted).

Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Appellant presents a single issue for our review:

Did the Sentencing Court abuse its discretion when it sentenced [Appellant] to a term of six (6) to twelve (12) years, which was manifestly excessive under all the circumstances?

Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014).

Here, Appellant has substantially complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction. We thus proceed to determine whether he has raised a substantial question. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Johnson***, 961 A.2d 877, 879 (Pa. Super. 2008), ***appeal denied***, 968 A.3d 1280 (Pa. 2009).

Appellant argues that his 6 to 12 year sentence was manifestly excessive because he was a juvenile when he committed the crimes, had a prior record score of zero, and has an IQ of 72. Appellant's Brief at 4-5 (Petition for Allowance of Appeal with Respect to Discretionary Aspects of Sentence Pursuant to Rule of Appellate Procedure 2119(f)); 13-15. The

essence of this claim is that the trial court abused its discretion by failing to consider mitigating factors.

In his two pages of argument, Appellant cites only one case to support this claim. *See* Appellant's Brief at 14-15, citing *Commonwealth v. Hyland*, 875 A.2d 1175 (Pa. Super. 2005). In *Hyland*, we reviewed a sentencing claim from an appellant who was sentenced in the **aggravated** range. In granting relief and vacating the appellant's sentence, we stated:

> [The sentencing court's] comments indicate the sentencing court focused exclusively on Appellant's failed attempt to blame the accident on Mr. Geiger, the seriousness of the offense, and Appellant's need for rehabilitation. The court virtually ignored Appellant's lack of any prior criminal record, his age, and his personal characteristics, and his life situation. In light of these facts, we vacate Appellant's judgment of sentence and remand for re-sentencing so that the court might consider the mitigating circumstances of this case in balance with what it considers aggravating factors.

*Hyland*, 875 A.2d at 1185. Our decision in *Hyland* is consistent with *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc)* (stating that a substantial question is raised where an appellant alleges that the sentencing court imposed a sentence in the aggravated range without adequately considering mitigating circumstances). However, in the present case, Appellant was sentenced in the **standard** range. We have held that when an appellant has been sentenced in the standard range, "a claim that the court failed to consider certain mitigating factors does not present a substantial question." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Thus, Appellant has failed to present a substantial question.

Furthermore, even had Appellant presented a substantial question, it is well-settled that:

[W]e can reverse a standard-range sentence only if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d). **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 963–964 (2007); **see also Commonwealth v. Macias**, 968 A.2d 773 (Pa. Super. 2009). Section 9781(d) provides that when we review this type of question, we have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

**Walls**, **supra** at 963. Furthermore, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." **Macias, supra** at 777 (quoting **Walls, supra** at 964).

**Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011).

It is evident from the record that – contrary Appellant's argument – the trial court at sentencing considered Appellant's juvenile status at the time of the crimes, his intellectual capacity, and his zero prior record score. We agree with the trial court's statement that "[t]he record reflects the court's careful consideration of the Appellant's background and the circumstances of his offenses before delivering its sentence." Trial Court Opinion, 2/28/18, at 9-10. The court explained:

Here, the Appellant's total sentence of six (6) to twelve (12) years of incarceration and two (2) years of probation for the eight charges to which he pled guilty was more than reasonable . . . the court extensively considered the Appellant's history and characteristics along with the nature and circumstances of the Appellant's multiple offenses. At the decertification hearing, the testimony of Dr. Skoller and his forensic psychiatric evaluation showed that the Appellant harbored a below average to low IQ and bipolar attention deficit disorder, coupled with a psychosocial background of drug and alcohol use. (N.T. 7/11/14 pp. 9-1 1). The Appellant had also previously been committed to juvenile facilities for about twenty (20) months and it was only about two weeks after his release from the facilities that he committed the robbery and attempted robbery. (N.T. 7/11/14 pp. 17-18, 22). The court took into account the Appellant's age, life situation, and prior criminal record at the sentencing hearing and made clear that his less active role in the [one] robbery . . . would also be reflected in its sentence. (N.T. 9/8/14 pp. 22, 32-33).

* * *

[T]he sentencing guidelines provided for a maximum of one hundred and two (102) years of incarceration before even including the forty (40) to fifty-four (54) months recommended as a deadly weapon enhancement on each case. (N.T. 9/8/14 pp. 9, 22). Of the eight charges to which the Appellant pled guilty, the court ran five concurrently and assessed no further penalty on the remaining three. (N.T. 9/8/14 pp. 35-36). All told, the court significantly reduced the maximum total years of incarceration the Appellant faced.

As it concerns the Appellant's assertion that the court abused its discretion, since it did not exceed the statutory limit for this case of beyond a hundred years, the Appellant's contention solely rests upon whether the court's sentence was manifestly excessive. On that, it is beyond dispute that the court significantly mitigated the Appellant's sentence by running five of the charges concurrent and assessing no further penalty on the remaining three. Further, the minimum of five (5) to ten (10) years of incarceration was only slightly extended to six (6) to twelve (12) years of incarceration and the two (2) year probation tail given by the court.

Trial Court Opinion, 2/28/18, at 9-10.

For the above reasons, we find no merit to Appellant's challenge to the discretionary aspects of his sentence. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/18